JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Michael Melvin, Dan Farrelly, Brion Milligan, Mark Palma, Robert Bannan, Jesus Cruz,

**DEFENDANTS**
Honorable James F. Kenney, Larry Krasner, Esq.,Honorable Danielle Outlaw, Mr. Richard Ross, Jr., Emily Baker-White dba The Plain View Project

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew Teitelman, Esq.
Law Offices of Andrew Teitelman P.C.
380 Red Lion Road Ste 103, Huntingdon Vly., PA 19006 P-267-255-6864

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☐ 2  U.S. Government
Defendant
- ☒ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983 & 1985
Brief description of cause:
Violation of plaintiffs' civil rights including the 1st, 4th, 5th and 14th Amendments to the US Constitution.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
90,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
07/19/2020

SIGNATURE OF ATTORNEY OF RECORD
Andrew Teitelman

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ See attached sheet. _____

Address of Defendant: _____ See attached sheet. _____

Place of Accident, Incident or Transaction: _____ Philadelphia, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/19/2020 _____ PA 43545
                  *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury (Please specify): |
| ☑ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | (Please specify): |
| ☐ 11. | All other Federal Question Cases | | |
| | (Please specify): | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Andrew Teitelman, Esq. , counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 07/19/2020 _____ PA 43545
                  *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**Addresses of Plaintiffs:**

Michael Melvin
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006[1]

Robert Bannan
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

Dan Farrelly
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

Jesus Cruz
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

Brion Milligan
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

Steven Hartzell
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

Mark Palma
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

**Addresses of Defendants:**

Honorable James F. Kenney
Mayor of the City of Philadelphia
City Hall, Office 215
Philadelphia, PA 19107

Mr. Richard Ross, Jr.
Former Police Commissioner
c/o Philadelphia Police Department
750 Race Street
Philadelphia, PA 19106

Larry Krasner, Esq.
District Attorney
Office of the District Attorney
City of Philadelphia
3 S Penn Square
Philadelphia, PA 19107

Emily Baker-White dba The Plain View
Project
825 Post Street Apt 524
San Francisco, CA 94109

Honorable Danielle Outlaw
Police Commissioner
Philadelphia Police Department
City of Philadelphia
750 Race Street
Philadelphia, PA 19106

---

[1] Plaintiffs' home addresses are being withheld for security purposes, as they have been threatened and their safety would be compromised if their addresses were made public.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael Melvin, Dan Farrelly, Brion Milligan, Mark Palma, Robert Bannan,  Jesus Cruz and Steven Hartzell | : | CIVIL ACTION |
| v. | : | |
| Hon. James F. Kenney, Larry Krasner, Esq., Hon. Danielle Outlaw, Richard Ross, Jr., Emily Baker-White dba The Plain View Project | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| | /s/ Andrew Teitelman | Plaintiffs |
| 07/19/2020 | Andrew Teitelman | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-255-6864 | 215-434-7491 | ateitelman@teitelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**(Philadelphia Division)**

Michael Melvin
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006[1]

    and

Dan Farrelly
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

    and

Brion Milligan
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

    and

Mark Palma
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

    and

Robert Bannan
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

    and

Jesus Cruz
c/o 2020 Pennsylvania Ave NW #345
Washington, DC, 20006

    And

Steven Hartzell
c/o 2020 Pennsylvania Ave NW #345

**COMPLAINT**

Civil Action No.

---

[1] Plaintiffs' home addresses are being withheld for security purposes, as they have been threatened and their safety would be compromised if their addresses were made public.

Washington, DC, 20006


                        Plaintiffs,


          v.

Honorable James F. Kenney
Mayor of the City of Philadelphia
City Hall, Office 215
Philadelphia, PA 19107

          and

Larry Krasner, Esq.
District Attorney
Office of the District Attorney
City of Philadelphia
3 S Penn Square
Philadelphia, PA 19107

          and

Honorable Danielle Outlaw
Police Commissioner
Philadelphia Police Department
City of Philadelphia
750 Race Street
Philadelphia, PA 19106

          and

Mr. Richard Ross, Jr.
Former Police Commissioner
c/o Philadelphia Police Department
750 Race Street
Philadelphia, PA 19106

          And

Emily Baker-White dba The Plain View Project
825 Post Street Apt 524
San Francisco, CA 94109

                        Defendants.

## COMPLAINT

Plaintiffs Michael Melvin, Dan Farrelly, Brion Milligan, Mark Palma, Robert Bannan, Steven Hartzell, and Jesus Cruz (collectively "Plaintiffs") sue Defendants Honorable James F. Kenney, Larry Krasner, Esq., Ms. Danielle Outlaw, Mr. Richard Ross, Jr., (collectively the "Government Defendants") in their individual and  capacities as acting under of state law with regard to the civil rights counts herein, as well as  Defendant Emily Baker-White dba The Plain View Project (hereinafter "Plain View"), who acted as a co-conspirator on information and believe with financial and other support, in whole or in part, provided by George Soros. In support of the counts pled below, Plaintiffs allege as follows:

## I.     INTRODUCTION AND NATURE OF THE ACTION

1.      This is a complaint for damages and equitable relief arising out of the targeted, discriminatory and illegal hacking of Caucasian and other non-African-American, non-Muslim City of Philadelphia police officers' computer accounts, twitter accounts, and social media accounts of the Plaintiffs and those other Philadelphia police officers of a Targeted Class as alleged herein who are similarly situated, in violation of Chapter 76 of Title 18 of the Pennsylvania Statutes Crimes and Offenses, by Emily Baker-White who does business as Plain View, in concert with the other Defendants as a conspiracy, using the U.S. Mail and wires. This concerted action and conspiracy are motivated by and are the result of racist, ethnic and sex-based animus and prejudice against Plaintiffs and the Targeted Class of similarly situated Philadelphia police officers. These illegal acts caused severe damage to Plaintiffs' financial well-being, reputations and resulted in physical and severe emotional harm. These illegal acts are manifested in employment discrimination and other tortious acts that have harmed Plaintiffs and the Targeted Class of police officers by each and every Defendant, jointly and severally, acting

in concert. The alleged illegal acts are continuing.

2.     The information about and privately posted statements concerning the Plaintiffs and  Targeted Class of similarly situated police officers,  are not racist, homophobic or Islamophobic nor objectionable, as Defendants, each and every one of them, characterized them, which defamation  was and continues to be maliciously published widely by the Defendants, but were at most mere differences of opinions or points of view. Importantly, they were not made in the line of police duty but privately on private social media accounts.

3.     The so-called information about and statements by the Plaintiffs and the similarly situated Targeted Class of police officers, did not provide any basis for firing, constructively firing, and/ or disciplining them and other similarly situated Philadelphia police.

4.     The Defendants, acting in concert as a conspiracy, did not just violate the privacy of but also misrepresented and lied about what the Plaintiffs had said and communicated and what the Plaintiffs believe.

5.     The Defendants, conspiring and acting in concert for political and other improper and illegal purposes with each other, specifically set aim at the Targeted Class of police officers, including Plaintiffs, and had them fired, forced to retire, or constructively terminated, wrongfully and excessively disciplined and caused them to be falsely defamed in their personal, public, and professional reputations.

6.     The actions of the Defendants violated the civil rights of the Plaintiffs under 18 U.S.C. 1983, *et seq.,* out of intentional racial, sex, and ethnic based discrimination. Defendants violated Plaintiffs' civil rights under the U.S. Constitution and also caused Plaintiffs severe emotional distress and physical ailments.

7.     The actions of the Defendants violated the civil rights of the Plaintiffs under 18

U.S.C. 1983, *et seq.,* by denying their rights to free speech under the First Amendment, denying

them the right to bear arms under the Second Amendment, and discriminating against them on

the basis of their race, sex and ethnicity.

## II.    JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1332(a)(2), as a civil action brought by citizens of the United States, and

arising in other respects also under federal law and the U.S. Constitution.

9.    Venue is proper because the events herein occurred within this District.

10.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(d).

11.    The situs of the offense is further defined by the specifics of where Pennsylvania

law defines the situs of the computer hacking.

12.    Even where not always the basis of the causes of action, 18 Pa.C.S.A. § 7602, J

provides *(emphasis added).*

> An offense under this chapter may be deemed to have been
> committed either at the place where conduct constituting an
> element of the offense occurred or at the place where the result
> which is an element of the offense occurred within this
> Commonwealth in accordance with section 102 (relating to
> territorial applicability). ***It shall be no defense to a violation of
> this chapter that some of the acts constituting the offense
> occurred outside of this Commonwealth.***

13.    This Court also has supplemental jurisdiction over this action pursuant to 28

U.S.C. § 1367.

## III.    STANDING AND THE INDIVIDUAL PLAINTIFF PARTIES

14.    Plaintiffs were employed as law enforcement officers within and by the City of

Philadelphia, Pennsylvania, within this judicial district.

15.    Defendant Emily Baker-White is a citizen of California. She is the creator of The

Plain View Project and is, at all material times, doing business as The Plain View Project (hereafter "Plain View"). On information and belief, like Defendant Krasner, Plain View has received large and substantial financial and other support from George Soros and/or entities affiliated with or controlled by him (the "Soros Organizations"), creating an affinity and alliance with Defendant Krasner such that the conspiracy as alleged herein was agreed to and carried out, and continues to be carried out as witnessed by the organized rioting and other destructive events following the tragic death of George Floyd.

16.     Defendant Kenney is a citizen of Pennsylvania. He is at all material times the Mayor of Philadelphia.

17.     Defendant Krasner is a citizen of Pennsylvania. He is at all material times the District Attorney of Philadelphia, primarily elected with the financial and other support of Soros Organizations.

18.     Defendant Outlaw is a citizen of Pennsylvania. She is currently the Police Commissioner of Philadelphia.

19.     Defendant Ross is a citizen of Pennsylvania. He is the former Police Commissioner of Philadelphia.

20.     Plaintiff Michael Melvin is a natural person who was employed as a police officer by the Philadelphia Police Department until being discriminated against based on his race and sex as a male white cop and harmed in his employment, financial well-being and professional and personal reputations, physical and emotional states, by the civil rights violations and other illegal conduct of the Defendants.

21.     Plaintiff Dan Farrelly is a natural person who was employed as a police officer by the Philadelphia Police Department until being discriminated against based on his race and sex as

a male white cop and harmed in his employment, financial well-being and professional and personal reputations, physical and emotional states, by the civil rights violations and other illegal conduct of the Defendants.

22.     Plaintiff Brion Milligan is a natural person who was employed by the Philadelphia Police Department until being discriminated against based on his race and sex as a male white cop and harmed in his employment, financial well-being and professional and personal reputations, physical and emotional states, by the civil rights violations and other illegal conduct of the Defendants.

23.     Plaintiff Robert Bannan is a natural person who was employed by the Philadelphia Police Department until being discriminated against based on his race and sex as a male white cop and harmed in his employment, financial well-being and professional and personal reputations, physical and emotional states, by the civil rights violations and other illegal conduct of the Defendants.

24.     Plaintiff Mark Palma is a natural person who was employed by the Philadelphia Police Department until being discriminated against based on his race and sex as a male white cop and harmed in his employment, financial well-being and professional reputations, physical and emotional states, by the civil rights violations and other illegal conduct of the Defendants.

25.     Plaintiff Steven Hartzell is a natural person who was employed by the Philadelphia Police Department until being discriminated against based on his race and sex as a male white cop and harmed in his employment, financial well-being and professional reputations, physical and emotional states by the civil rights violations and other illegal conduct of the Defendants

26.     Plaintiff Jesus Cruz is a natural person who was employed by the Philadelphia

Police Department until being discriminated against based on his race, ethnicity, and sex and harmed in his employment, financial well-being and professional and personal reputations, physical and emotional states, by the civil rights violations and other illegal conduct of the Defendants.

## IV.   FACTS COMMON TO ALL COUNTS

27.     The far-left movement has been building over the last several decades, with a dramatic increase in magnitude arising during and since the 2016 election cycle, wherein leftist and anarchist organizations funded by high-profile wealthy ultra-leftist donors, including George Soros, have undertaken a vigorous campaign to install elected prosecutors, such as Defendant Larry Krasner, and other court personnel who are intentionally opposed to criminal law enforcement with regard to certain groups such as African-Americans and Muslims and hostile and adverse to the police, in particular white cops, and other officers in the Targeted Class in general.[2]

28.     In the City of Philadelphia, on August 15, 2019, William McSwain, U.S. Attorney for the Eastern District of Pennsylvania, rebuked Larry Krasner for promoting what he labeled a "stunning disrespect for law enforcement" and blaming him in part for an hours long standoff between police and an active shooter the day before.[3]

29.     The U.S. Attorney said he was "fed up" with a "new culture of disrespect for law

---

[2] Chris Brennan, *He helped Krasner become Philly's DA. Now billionaire George Soros is back in Pa. with $1M, this time to get a Delco Democrat elected*, The Philadelphia Inquirer, Oct. 25, 2019, available at: https://www.inquirer.com/news/george-soros-billionaire-delaware-county-district-attorney-race-jack-stollsteimer-katayoun-copeland-20191025.html

[3] *See* Caitlin Oprysko, "*I am fed up with it*": *Philadelphia U.S. attorney torches local D.A. after police standoff*,  Politico, August 15, 2019, available at: https://www.politico.com/story/2019/08/15/philadelphia-attorney-larry-krasner-police-standoff-1465394.

enforcement" in Philadelphia that he said was being "championed" by Krasner, [who was] a former civil rights lawyer.[4]

30.     And further: "McSwain also accused Krasner of going easy on violent criminals, blaming what he said was a lack of "robust enforcement" and diversionary programs, along with the downgrading of charges and ignoring "entire sections of the criminal code." McSwain contended that his office had been picking up the slack for Krasner, saying that his office had prosecuted 70 percent more violent crime cases than it did last year in response to Krasner's 'lawlessness.[5]'"

31.     Furthermore, "This is larger than just Maurice Hill," [Krasner] told reporters. "I believe he is putting police at risk and putting the public at risk.[6]"

32.     Meanwhile, Emily Baker-White created defendant Plain View. Pursuant to the group's website:

> "This discovery inspired the creation of the Plain View Project (PVP), a research project that has identified thousands of Facebook posts and comments by current and former police officers. We believe that these statements could erode civilian trust and confidence in police, and we hope police departments will investigate and address them immediately." [7]

33.     On or around July 20, 2019, the private messages and postings of 323 Philadelphia police officers, including the Plaintiffs herein, were illegally hacked and disclosed by defendant Plain View.

34.     It is important here that social media allows use in both public modes, friends-only modes, and private modes.

35.     The postings of the Plaintiffs also involved private and non-police related

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7]     https://www.plainviewproject.org/about

accounts and modes.

36.     Merely because people choose to post on social media platforms does not mean that they are public posts visible outside of their designated friends. The social media posts at issue were not public.

37.     Defendant Plain View criminally and civilly violated Pennsylvania state and federal law by unauthorized access to computers, computer systems, and computer databases.

38.     The purpose of Defendant Plain View is to "erode civilian trust and confidence in police" and thus to portray them as racist, sexist, and dangerous to the community. The objective of Defendant Plain View is to maliciously harm police officers, and provoke violent attacks against them and their families in order to cause a breakdown of societal order, such that leftist, socialist, communist, radical African-Americans, radical Muslims, radicals on the Jewish left, radical atheists, radical anarchists such as ANTIFA and other radical forces can assume control of the nation either at the ballot box and/or by force.

39.     Indeed, the creator of the defendant Plain View, Emily Baker White, has made views on law enforcement clear, as she posted an image with the text, "What You Should Do If You Support Police," over a background image of a man shooting himself in the head. On information and belief, just as  the Soros Organizations were largely responsible for having elected Defendant Krasner as the District Attorney of Philadelphia, defendant Plain View is likely funded in whole or in part by the Soros Organizations, led by George Soros, a self-hating Jewish, Nazi collaborator (who confiscated along with his father the property of Jews on their way to Hitler's ovens and gas chambers),  anti-Semite and ultra-leftist. Outrageously, Krasner, supported by the anti-Semite and anti-law enforcement Soros, is also Jewish; yet his election as District Attorney was supported and largely funded by Nazi collaborator and anti-Semite Soros,

amounting, like Soros, to a despicable betrayal of his own Judeo heritage which is governed by the Ten Commandment's prohibitions against theft, assault, murder and the commission of other crimes against mankind and God. For defendant Krasner certain groups are virtually exempt from law enforcement, based on his leftist political views and agenda; while others, such as white male and non-African-American and non- Muslims cops, are targeted, hunted down and made "fair game" by defendants Soros and Plain View acting in concert with the other defendants named herein. Krasner along with the other  defendants sued herein in their personal capacities as having acted under color of state law, have violated their oath of office and more than disserved and instead harmed the people of Philadelphia to pursue their own leftist agendas, supported and financed by the Soros Organizations. As for the ultra-leftist anti-law enforcement Soros, incredibly he admitted to his vile Nazi collaboration in a CBS Sixty Minutes interview and stated that he was unrepentant of what amounts to the war crimes he has committed against fellow Jews.[8]

40.     Curiously, one cannot access defendant Plain View's reposting of the hacked police officers' social media posts without AGREEING (clicking "I understand") to enter that part of its website.

41.     Not only were the original posts often not public but defendant Plain View does not display the posts without viewers agreeing to defendant Plain View's terms and conditions.

---

[8] *See George Soros Interview 60 Minutes (Full)*, 1998, available at: https://www.youtube.com/watch?v=QSyczwuTQfo; See also 60 Minutes: George Soros is Proud of Using Nazis, InfoWars, Nov. 22, 2016, available at http://www.infowars.com/60-minutes-george-soros-is-proud-of-using-nazis/; *George Soros Talks About His Work as a Nazi Sympathizer Confiscating Jewish Property in Concentration Camps*, The Daily Bail, available at: http://dailybail.com/home/george-soros-talks-about-his-work-as-a-nazi-sympathizer-conf.html; Geoffrey Grider, *Proof of George Soros Nazi Past Finally Comes to Light With Discovery of Forgotten Interview*, available at: https://caravantomidnight.com/proof-george-soros-nazi-past-finally-comes-light-discovery-forgotten-interview/.

42.     To access defendant Plain View's database, a viewer must agree "I Understand" to the defendant Plain View's statement, terms and conditions, including Defendant Plain View's explanation that:

> … These posts were selected because the viewpoints expressed could be relevant to important public issues, such as police practices, public safety, and the fair administration of the law. The posts and comments are open to various interpretations. We do not know what a poster meant when he or she typed them; we only know that when we saw them, they concerned us. We have shared these posts because we believe they should start a conversation, not because we believe they should end one.
>
> The posts and comments included in the database comprise portions of a user's public Facebook activity, and are therefore not intended to present a complete representation of each person's Facebook presence, or each person's views on any given subject. Inclusion of a particular post or comment in this database is not intended to suggest that the particular poster or commenter shares any particular belief or viewpoint with any other posters or commenters in the database. Links to the original page from which each post was obtained are provided so you can see the context of the post if you wish.  …

43.     This disclaimer is a fraudulent sham, as the postings were intended to harm if not provoke deadly violence against Plaintiffs and other similarly situated Philadelphia police, as is now occurring with increasing regularity

44.     Nevertheless, the Defendants, working together in concert for political, illegal and other improper purposes, in perpetrating their illegal action against the Plaintiffs, simply ignored the warnings that the social  media posts "are open to various interpretations" and that "[W]e do not know what a poster meant when he or she typed them; we only know that when we saw them, they concerned us."

45.     The Plaintiffs' messages and communications, which were protected against interference under color of state law and otherwise by the First Amendment to the U.S. Constitution, were not, as published by the Defendants in various media, acting in concert

beginning on our about July 20, 2019, in fact racist, homophobic or Islamophobic or expressing

any views that would justify harm to their employment or profession and public, personal and

reputations, as well as harm to their physical and emotional states.

46.    The Plaintiffs' messages and communications were illegally hacked by the

Defendants, acting in concert as a conspiracy, fraudulently using the U.S. Mail and wires, and

accessed and published publically without authorization.

47.    Pennsylvania Statutes Title 18 Pa.C.S.A. Crimes and Offenses § 7613 provides:

> **(a)  Offense defined.--**A person commits an offense if he unlawfully
> accesses or exceeds his authorization to access any data from a computer,
> computer system or computer network or takes or copies any supporting
> documentation whether existing or residing internal or external to a
> computer, computer system or computer network of another with the intent to
> deprive him thereof.
> **(b)  Grading.--**An offense under this section shall constitute a felony of the
> third degree.

48.    Pennsylvania Statutes Title 18 Pa.C.S.A. Crimes and Offenses § 7614 provides:

> **(a)  Offense defined.--**A person commits the offense of unlawful duplication
> if he makes or causes to be made an unauthorized copy, in any form,
> including, but not limited to, any printed or electronic form of computer data,
> computer programs or computer software residing in, communicated by or
> produced by a computer or computer network.
> **(b)  Grading.--**An offense under subsection (a) shall be graded as follows:
> (1)  An offense under this section shall constitute a felony of the third degree.
> (2)  If the economic value of the duplicated material is greater than $2,500,
> the grading of the offense shall be one grade higher than specified in
> paragraph (1).

49.    Pennsylvania Statutes Title 18 Pa.C.S.A. Crimes and Offenses § 7615 provides:

> **(a)  Offense defined.--**A person commits the offense of computer trespass if
> he knowingly and without authority or in excess of given authority uses a
> computer or computer network with the intent to:
> (1)  temporarily or permanently remove computer data, computer programs
> or computer software from a computer or computer network;
> (2)  cause a computer to malfunction, regardless of the amount of time the
> malfunction persists;

(3)  alter or erase any computer data, computer programs or computer
software;
(4)  effect the creation or alteration of a financial instrument or of an
electronic transfer of funds;  or
(5)  cause physical injury to the property of another.
**(b)  Grading.--**An offense under this section shall constitute a felony of the
third degree.

50.     The Defendants, working together in concert for political, illegal and other
improper purposes, furthered by defendant Plain View in its wholly private capacity but as a
result of their conspiracy with the other defendants acting under color of state law, discriminated
against the Plaintiffs on the basis of their race, ethnicity and sex, targeting Caucasian and non-
African-American and non-Muslim police officers to investigate without cause and fire and/or
constructively fire them  simply because they are male and Caucasian or non-African-American
and non-Muslim.

51.     Using the hacked communications caused by the Defendants, working together in
concert with Defendant Plain View, for political, illegal and other improper purposes, defendants
Kenney, Krasner, Ross and now Outlaw then took and continue to take adverse employment
action based upon viewpoint discrimination of the Plaintiffs' exercise of First Amendment rights.

52.     These defendants, working in concert with defendant Plain View,  further
discriminated against the Plaintiffs on the basis of their race, ethnicity and sex, lying about and
misrepresenting the Plaintiff's exercise of their First Amendment as members of the Targeted
Class of police officers.

53.     The Plaintiffs were thus harmed in their employment and occupation and
terminated and/or constructively terminated from their employment. The Plaintiffs were
suspended from full duty (street duty), investigated, and then fired or forced to retire. In addition,
their police department issued firearms were confiscated and orders were issued preventing the

possession and carrying of private firearms, all with the intent and purpose of having Plaintiffs

and those police officers similarly situated harmed if not maimed and killed by radical leftists

and others, who as we speak are in the streets looking to harm and actually harming police

officers.

54.     Furthermore, the hacked messages and communications, including those of the

Plaintiffs, were provided to the news media creating a news campaign about "Facebook Cops.[9]"

55.     As *The New York Times* reported: "In Philadelphia, Commissioner Ross, who has

since been forced to resign due to allegations of sexual harassment, said 72 officers had been

assigned administrative duties while facing investigation for their social media posts, the largest

single removal of officers from street duty that he could recall in his roughly 30-year career. He

said some of the officers were likely to be fired, and many could be disciplined." [10]

56.     Defendant Ross further stated that:

> Commissioner Ross said the vast majority of Philadelphia officers performed
> admirably and would never engage in hateful speech. But he added, "We
> know that people have to feel a degree of comfort in who's in that police car
> behind you."

> He described the posts as disturbing, and said they tarnished his department's
> reputation. But he said that some of the posts were protected by the First
> Amendment. The city has hired a law firm to help determine which posts
> were acceptable speech and which were not, he said. Court rulings have
> permitted limited restrictions on the speech of public employees if it is
> potentially harmful.[11]

57.     The defendants Kenney, Krasmer, Ross and now Outlaw, acting together in

---

[9] *See* Ryan Briggs and Max Marin, "Exclusive: Philly police release hundreds of disciplinary
records for 'Facebook cops'," WHYY News, available at: https://whyy.org/articles/philly-police-
release-hundreds-of-disciplinary-records-for-facebook-cops/.

[10]     Mitch Smith, "72 Philadelphia Officers Benched After Offensive Social Media Posts,"
*New York Times,* June 20, 2019, Accessible at:  https://www.nytimes.com/2019/06/20/us/philly-
cops-plain-view-project.html.

[11] *Id*.

concert with defendant Plain View for political and other improper purposes, then released and continue to release private employment information of 309 Philadelphia police officers and others similarly situated, including civilian complaints against the police officers. Plaintiffs' private employment information was among that which was improperly released, recklessly endangering the lives of the Plaintiffs and their families and thus intentionally causing great emotional distress and adverse physical pain and symptoms.

58.     Civilian complaints are normally not disclosed unless they are determined to be factually and legally well founded. This was not the case with Plaintiffs.

59.     Indeed, "Capt. Sekou Kinebrew, spokesman for the PPD, said the latest release of disciplinary records is the largest such disclosure in departmental history.[12]"

60.     WHYY reports "[T]hey show that 153 of the officers who appeared in the Facebook database, compiled by a group called the Plain View, accrued at least one civilian complaint since 2015[13]."

61.     And WHYY reports: "However, 160 other officers named in the Facebook database had not received any civilian complaints at all.[14]"  On information and belief, these were all members of the Targeted Class of police officers.

62.      Defendants Kenney, Krasner and Ross, working under color of state law, in concert and continuing to be working in concert with Defendant Plain View, and now Defendant Ross's replacement Defendant Outlaw, denied and continue to deny the Plaintiffs even due process of law, along with many other similarly situated outstanding and distinguished Philadelphia policemen who have risked their lives in the service of the great city of

---

[12] *Id.*
[13] *Id.*
[14] *Id.*

Philadelphia.  The former "City of Brotherly Love" has, thanks to the illegal acts of the

Defendants, each and every one of them, acting in concert, effectively become the City of

Brotherly Hate, particularly against white male police officers and those of the Targeted Class

similarly situated.

63.     It is no coincidence that Defendant Outlaw was selected to replace Defendant

Ross because she is an African-American female and was  previously the Chief of Police in

Portland, Oregon, where police have systematically been and are now are under continuing

attack and violence, and the people of Portland in general are being subjected to radical  ultra-

leftist mob rule, violence, looting, burning, physical harm and even murder.

64.     Defendant Outlaw is furthering Defendant Ross' and the other Defendants illegal

actions and efforts to maliciously smear, harm and destroy the Targeted Class of police officers,

including Plaintiffs. Her family name is ironically aptly put as   "Outlaw."

65.      Defendants Kenney, Krasner, Ross and now Outlaw have not even disclosed to

Plaintiffs which posts used as false and fraudulent pretexts to take adverse employment and other

illegal actions.

66.     The undisclosed posts or messages were used as a "phantom" and fraudulent

phony excuse to have the Plaintiffs fired and/or constructively fired, contrary to even department

policy and regulations.

67.     To make matters even worse, once Plaintiffs were terminated or constructively

terminated, they were forced to turn in their firearms, leaving them exposed to attacks from ultra-

leftists, anarchists like ANTIFA and other radicals who now knew their personal information and

falsely believed that they were racist, homophobic or Islamophobic.

68.     In addition to having their police-issued firearms taken away, Plaintiffs were

ordered by the  Defendants  Kenney, Krasner, Ross and now  Outlaw that they were no longer permitted to possess and carry their own personal firearms, leaving them and their families exposed to violence, physical harm and even death, causing severe emotional distress and physical ailments at a minimum.

69.     Even the Philadelphia Police Department's policies and regulations do not countenance an extreme sanction of this severity for an alleged first offense or even second alleged offenses.

70.     The posts of the Plaintiffs – whatever they are falsely claimed to be – were not racist, homophobic or Islamophobic or offensive at all.

71.     Indeed, the Philadelphia Police Department hired the law firm Ballard Spahr to investigate, review, and assess the allegedly offensive social media posts.[15]

72.     Plaintiffs were cleared of wrongdoing by Ballard Spahr, yet they were still terminated and/or constructively terminated on July 19, 2019, on orders from the Government Defendants.

73.     Thus, it appears that defendants Kenney, Krasner, Ross and now Outlaw, acting with and furthered by defendant Plain View, together in concert for political and other illegal purposes, specifically targeted Plaintiffs and other members of the Targeted Class with termination and/or constructive termination, using the illegally hacked social media by defendant Plain View, as convenient but fraudulent and phony excuses.

74.     Indeed, if Plaintiffs had made offensive, bigoted, and racist posts, the Defendants

---

[15] Max Mitchell, *City Taps Ballard Spahr to Review Allegedly Racist Facebook Posts by Phila. Police Officers*, Law.com, June 10, 2019, available at: https://www.law.com/thelegalintelligencer/2019/06/10/city-taps-ballard-spahr-to-review-allegedly-racist-facebook-posts-by-phila-police-officers/?slreturn=20200617165256.

would have shared them with the Plaintiffs *before* they were terminated and/or constructively terminated.

75.     In stark contrast, one of defendant Krasner's own Assistant District Attorneys, Sonam Vachhani, maliciously and despicably posted to her Instagram account a picture of graffiti that read, "FUCK THE COPS," but has faced no discipline.[16]  This says it all as pled herein, as the views of ADA Vachhani were ratified and are the same views as District Attorney Krasner and the other Defendants.

76.     Furthermore, Deputy Police Commissioner Melvin Singleton ordered officers to kneel with rioters, showing the political motivation behind Plaintiffs' terminations and/or constructive terminations. Singleton was not disciplined either; most notably because he is African American, and thus in a protected class, and also because he views comport with those of the Defendants.

77.     The Plaintiffs, like all Americans, have an absolute right in their private lives and on their private social media accounts to express their views, as protected by the First, Fourth, Fifth and Fourteenth Amendments to our Constitution.

78.     The Plaintiffs were used and continue to be used illegally as the whipping boys and scapegoat victims for the Defendants' political, anti-American and other illegal purposes and ends.

79.     The actions of the defendants Kenney, Krasner, Ross and now Outlaw, furthered and acting in concert with defendant Plain View as a conspiracy, fraudulently using the U.S. mails and wires, were illegal and also unethical and despicable under any norms of proper and

---

[16] Ralph Cipriano, *Krasner ADA Posts 'F—k The Cops' on Instagram,* Big Trial, May 31, 2020, available at: https://www.bigtrial.net/2020/05/krasner-ada-posts-f-k-cops-on-instagram.html?m=1.

acceptable conduct expected by public officials, acting under color of state law, and who serve as representatives of 'We the People.' They exposed and furthered and continue to incite actual violence against not just Plaintiffs but the police in general, particularly male white and non-African American and non- Muslim officers as well as other police officers of the Targeted Class.

80.     The actions of the Defendants constitute racism and are unlawful discrimination against the Plaintiffs and those Philadelphia police officers who are similarly situated and members of the Targeted Class, which discrimination and other illegal and tortious acts continue and are becoming more severe and damaging with each passing day.

81.     The Defendants have treated the Plaintiffs and those similarly situate police officers who are members of the Targeted Class, as politically expedient scapegoats and thus expendable to suit their political and other illegal objectives and despicable tyrannical ends.

82.     Prior to filing this suit, defendants Kenney, Krasner, Ross and Outlaw were sent the attached letter, Exhibit 1, in order to give them a chance to rectify the situation. They did not respond, exhibiting their lawlessness and arrogance as if they are "above the law." These defendants and defendant Plain View harbor extreme animus and prejudice against Plaintiffs and other Philadelphia police who are similarly situated.

83.     In contrast, non-white, African American and non-Muslim police officers have not been terminated, or constructively terminated for their *actual* racist social media postings and transmission, nor even disciplined by the  defendants Kenney, Krasner, Ross and now Outlaw, acting in concert as a conspiracy with defendant Plain View. As just one example of discrimination, recently an African American female office was not disciplined in any way for postings which stated and/or implied that whites should not bother to wear COVID-19 masks but

hoods of the Ku Klux Klan, because all whites are racists. This demonstrates, in even greater relief, the discrimination alleged herein against Plaintiffs and those similarly situated. In this regard, Plaintiffs and their undersigned counsel reserve their right to amend this complaint and convert it into a class action for all Philadelphia police officers of the Targeted Class similarly discriminated against, defamed and harmed, and who continue to be harmed and subjected to radical and leftist mob violence and even death, in similar ways.

## Facts Pertaining to Defamation

84. On or around July 20, 2019, Plaintiffs were falsely portrayed by the Defendants, working together in concert for political, illegal and other improper purposes, as racists, white supremacists, Islamophobes, homophobes, and/or bigots, as pled above in the preceding paragraphs.

85. Plaintiffs are none of these things.

86. Nothing posted on Plaintiffs' social media accounts were racist, white supremacist, Islamophobic, homophobic, or bigoted and implied that they were a danger to the Philadelphia community of citizens of Pennsylvania.

87. The false portrayal of Plaintiffs as racists, white supremacists, Islamophobes, homophobes, and/or bigots was perpetrated by Defendants, working together in concert for political, illegal and other improper purposes, maliciously, in order to further their own political and other views and agendas and to maliciously incite violence and in fact cause actual violence against and severely harm the Plaintiffs and those Philadelphia police officers similarly situated as part of the Targeted Class.

## V.    **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**
*Deprivation of Civil Rights:  Racial Discrimination*
*(42 U.S.C. §1983)*

88.    Plaintiffs repeat and re-allege each and every allegation of the foregoing

paragraphs as if fully set forth herein.

89.    By the acts and omissions all of the defendants Kenney, Krasner, Ross and now

Outlaw, set forth as alleged above, working together in concert and under color of state law for

political, illegal and other improper purposes, deprived the Plaintiffs of their constitutional rights

to equal protection under the law and due process guaranteed by the U.S. Constitution, as granted

to them by the Fourteenth Amendment.

90.    Plaintiffs have been injured in their person, property or business by reason of acts

committed by these Defendants, working together in concert with defendant Plain View for

political, illegal and other improper purposes, that involve racial, sex and ethnic based

discrimination against the Plaintiffs in their employment and otherwise.

91.     Defendants Kenney, Krasner, Ross and now Outlaw working together in concert

for political, illegal and other improper purposes under color of state law as part of a conspiracy

with defendant Plain View, fraudulently using U.S. mail and wires, have caused plaintiffs to be

injured in their persons, property, or businesses, as well as reputations and physical and

emotional states as pled herein, and these Defendants are jointly and severally liable pursuant to

42  U.S.C. § 1983 for any and all damages that plaintiffs have sustained as a result of such

injuries.

### SECOND CAUSE OF ACTION
*Deprivation of Civil Rights:  First Amendment Rights to Free Speech*
*(42 U.S.C. §1983)*

92.      Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

93.      By the acts and omissions of  defendants Kenney, Krasner, Ross and now Outlaw, as set forth above, these defendants, working together in concert with defendant Plain View for political, illegal and other improper purposes, deprived the Plaintiffs of their constitutional rights to free speech guaranteed by the First Amendment to the U.S. Constitution, based on viewpoint discrimination of the Plaintiffs' speech, as granted by the Fourteenth Amendment.

94.      Plaintiffs have been injured in their person, property or business and reputations as pled herein by reason of acts committed by defendants Kenney, Krasner, Ross and now Outlaw working together in concert for political, illegal and other improper purposes. These illegal and unconstitutional actions injured and continue to injure the Plaintiffs in their employment and in other enumerated ways as alleged herein based on Defendants' leftist and radical views and, thus discrimination of and against Plaintiffs' exercise of free speech.

95.      Defendants Kenney, Krasner, Ross and now Outlaw, working together in concert for political, illegal and other improper purposes under color of state law as pled herein, have caused Plaintiffs to be injured in their persons, property, businesses, employment rights, reputations, physical and emotional states as pled herein; and Defendants are jointly and severally liable pursuant to 42  U.S.C. § 1983 for any and all damages that Plaintiffs have sustained as a result of such injuries.

## THIRD CAUSE OF ACTION
### *Deprivation of Civil Rights – Second Amendment Right to Bear Arms*
### *(42 U.S.C. §1983)*

96.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

97.     By the acts and omissions all of defendants Kenney, Krasner, Ross and Outlaw described above, working together in concert for political, illegal and other improper purposes as pled herein, deprived the Plaintiffs of their constitutional rights to bear arms, guaranteed by the Second Amendment to the U.S. Constitution, by ordering them not to possess and carry even their own personal firearms for their protection.

98.     This caused and continues to cause Plaintiffs to be exposed to violence and threats of violence from ultra-leftist anarchists like ANTIFA and other radicals operating and committing illegal acts under the false notion that Plaintiffs were racists, bigots, and/or homophobes due to Defendants' gross misconduct.

99.     The Defendants, working together in concert for political, illegal and other improper purposes under color of state law, have caused Plaintiffs to be injured their persons, property, businesses, employment rights, reputations, physical and emotional states as pled herein; and Defendants are jointly and severally liable pursuant to 42  U.S.C. § 1983 for any and all damages that plaintiffs have sustained as a result of such injuries

## FOURTH CAUSE OF ACTION
### *Conspiracy to Deprive Plaintiffs of Civil Rights*
### *(42 U.S.C. §1985)*

100.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

101.     Defendants Kenney, Krasner, Ross and now Outlaw working together in concert

for political, illegal and other improper purposes, have conspired together to knowingly and intentionally deprive the Plaintiffs and other members of the Targeted Class herein of their constitutional and civil rights to life, liberty, and property in violation of 42 U.S.C. § 1985.

102.    The Defendants, as pled herein in all of the preceding paragraphs of this complaint, working together in concert for political, illegal and other improper purposes, have conspired along with defendant Plain View "to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties" in violation of 42 U.S.C. § 1985.

103.    Each of defendants Kenney, Krasner, Ross and now Outlaw,  working together in concert as part of a conspiracy fraudulently using the U.S. mail and wires with defendant Plain View, for political, illegal and other improper purposes, have committed overt and public acts in furtherance of the conspiracy.

104.     Defendants Kenney, Krasner, Ross and now Outlaw, working together in concert for political, illegal and other improper purposes, have conspired and acted "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws in violation of 42 U.S.C. § 1985(2).

105.     Defendants Kenney, Krasner, Ross and now Outlaw have invaded and gone upon the premises or within the "zone of privacy" of the Plaintiffs and other members of the protected Targeted Class of persons for the purpose of threatening, intimidating, frightening and harming the Plaintiffs and those similarly situated, depriving them of their constitutional and civil rights and also "for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws"  in violation of 42 U.S.C. § 1985(3).

106.     Defendants Kenney, Krasner, Ross and now Outlaw, agreed, including by implication or common understanding, to combine and conspire with each other and defendant Plain View, their agents, and other persons to act unlawfully, in the manner set forth in this complaint and committed overt acts in furtherance of the conspiracy.

107.     At all relevant times, defendants Kenney, Krasner, Ross and now Outlaw, knew of this conspiracy and knew and know, in particular, of the roles of charitable front organizations and their leaders in furtherance of that conspiracy.

108.     At a minimum, these Defendants recklessly disregarded the nature and purposes of the conspiracy.

109.     The Defendants knowingly and purposefully agreed, under color of state law, acting as part of a conspiracy with defendant Plain View, fraudulently using U.S. mail and wires to perform the acts complained of herein with the knowledge, and for the purpose, that such services facilitate their mutual goals and support what are in effect racially, sex and ethnically based domestic terrorist activities pursuant to a common scheme to encourage and incentivize acts of violence and death against white male police officers in particular and other law enforcement persons of the Targeted Class in particular.

## FIFTH CAUSE OF ACTION
### *Defamation*

110.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

111.     The  Defendants, acting in concert, as a conspiracy, have defamed Plaintiffs by knowingly, intentionally, willfully, and/or recklessly publishing statements beginning on or about July 20, 2019 and thereafter, continuing to the present, about Plaintiffs which they knew or should have known to be false and misleading.

112.     These defamatory statements were not privileged in any way or manner.

113.     These false statements were of and concerning Plaintiffs and severely damaged Plaintiffs

114.     These false and misleading statements, made by Defendants in concert, falsely accuse Plaintiffs of being racists, white supremacists, Islamophobes, homophobes, and/or bigots and a danger to the Philadelphia community that they have risked their lives to serve.

115.     These false statements created irreparable harm to Plaintiffs, their persons, property, businesses, employment rights, reputations, physical and emotional states as pled herein.

## SIXTH CAUSE OF ACTION
### *Defamation by Implication*

116.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

117.     The Defendants, working together in concert for political, illegal and other improper purposes as a conspiracy have defamed Plaintiffs,  beginning on or about July 20, 2019 and continuing to the present, by knowingly, intentionally, willfully, and/or recklessly publishing

statements about Plaintiffs which they knew or should have known to be false and misleading.

118.     These defamatory statements were not privileged in any way or manner.

119.     These false statements were of and concerning Plaintiffs and severely damaged Plaintiffs.

120.     The statements by Defendants, acting in concert as a conspiracy, imply the falsehoods that Plaintiffs are racists, white supremacists, Islamophobes, homophobes, and/or bigots and a danger to the Philadelphia community that they have risked their lives to protect and serve.

121.     These false statements created irreparable harm to Plaintiffs, persons, property, businesses, employment rights, reputations, physical and emotional states as pled herein.

## SEVENTH CAUSE OF ACTION
### *Defamation Per Se*

122.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

123.     The Defendants working together in concert as a conspiracy for political, illegal and other improper purposes on or about July 20, 2019, along with defendant Plain View, have defamed Plaintiffs by knowingly, intentionally, willfully, and/or recklessly publishing statements about Plaintiffs which they knew or should have known to be false and misleading and which falsely connote illegal and dangerous  acts in the performance of their police duties and thus trade and profession, as well as moral turpitude, among other *per se* defamatory actions.

124.     The *per se* defamatory statements were not privileged in any way or manner.

125.     The statements by Defendants, each and every one of them acting in concert as a conspiracy, impugn Plaintiffs' professional character or standing by falsely calling Plaintiffs racists, white supremacists, Islamophobes, homophobes, and/or bigots and a danger to the

Philadelphia community that they have risked their lives to protect and serve.

126.    These false statements created irreparable harm to Plaintiffs, their persons, property, businesses, employment rights, reputations, physical and emotional states as pled herein.

**EIGHTH CAUSE OF ACTION**
*Intentional Infliction of Emotional Distress*

127.    Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

128.    Defendants' acts of inciting and/or carrying out actions of violence against police officers and law enforcement persons of all races and ethnicities and particularly white male cops and members of the Targeted Class, were done with the intent to terrorize, threaten, intimidate, and frighten the Plaintiffs and the similarly situated Targeted Class members, as well as to actually commit acts of violence against them.

129.    Defendants' acts of promoting and/or effectively threatening and carrying out actions of violence against similarly situated police officers  of the Targeted Class, were willful malicious, deliberate, or were done with reckless indifference to the likelihood that such behavior would cause severe emotional distress and physical ailments and with utter disregard for the consequences of such actions.

130.    The acts of violence and even severe bodily injury and murder, which were committed with the knowledge of and intention to cause extreme physical and emotional mental pain and suffering to Plaintiffs  and a persons within close proximity to Plaintiffs, caused of the extreme emotional distress and physical ailments to the Plaintiffs and their family members by reason of those who were killed or injured by reason of those acts, or were done with reckless indifference to the likelihood that such behavior would cause such severe emotional distress,

29

attendant physical ailments, and carried out with utter disregard for the consequences of such actions.

131.    Defendants' concerted conduct, each and every one of them, jointly and severally, was unreasonable and outrageous and exceeds the bounds usually tolerated by decent society, and was done willfully, maliciously and deliberately, or with reckless indifference, to cause Plaintiffs, severe mental and emotional pain, distress, and anguish and attendant physical ailments, and loss of enjoyment of life.

132.    By reason of the wrongful conduct of the Defendants, Plaintiffs, including their family members, have suffered conscious pain, suffering, severe emotional distress and the fear of imminent serious bodily injury or death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physical injuries.

133.    Defendants, conspiring and/or acting in concert, jointly and severally, undertook their actions willfully, wantonly, maliciously and with reckless disregard for Plaintiffs' rights, and as a direct, foreseeable, and proximate result thereof plaintiffs suffered economic and emotional and physical damage in a total amount to be proven at trial. Therefore, Plaintiffs seek punitive damages in an amount sufficient to deter Defendants and others from similar future wrongful conduct.

## NINTH CAUSE OF ACTION
### Invasion of Privacy – False Light

134.    Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

135.    By hacking and taking Plaintiffs' private social media posts and falsely characterizing them as racist, bigoted, homophobic, and/or Islamophobic, Defendants, working

together in concert as a conspiracy, fraudulently using U.S. mail and wires, have cast Plaintiffs in a false light that is highly offensive to any reasonable person.

136.    Defendants, at all material times, knew that Plaintiffs' private posts were not racist, bigoted, homophobic, and/or Islamophobic or, at a minimum, with reckless disregard, but still chose to falsely publicize Plaintiffs' private posts as such.

137.    Plaintiffs did not discover Defendants' invasion of privacy until after July 20, 2019.

138.    By reason of the wrongful conduct of Defendants, Plaintiffs, including their family members, have suffered conscious pain, suffering, severe emotional distress, attendant physical ailments  and the fear of imminent serious bodily injury or death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physical injuries.

139.    Defendants, conspiring and/or acting in concert, jointly and severally, undertook their actions willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct, foreseeable, and proximate result thereof plaintiffs suffered economic and emotional damage in a total amount to be proven at trial.

Therefore, Plaintiffs seek punitive damages in an amount sufficient to deter Defendants and others from similar future wrongful conduct.

## TENTH CAUSE OF ACTION
### *Invasion of Privacy – Publicity Given to Private Life*

140.    Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

141.    By hacking and taking Plaintiffs' private social media posts and falsely characterizing them as racist, bigoted, homophobic, and/or Islamophobic, Defendants, each and

every one of them working together in concert as a conspiracy, fraudulently using U.S. mail and wires,  have given publicity to  matters that concerns the private lives of Plaintiffs.

142.    Defendants, working together in concert, have widely publicized their false characterizations of Plaintiffs' private social media posts.

143.    By widely publicizing their false characterizations of Plaintiffs' private social media posts as racist, bigoted, homophobic, and/or Islamophobic, Defendants have made publications that are highly offensive to any reasonable person.

144.    Plaintiffs' private social media posts are not of any legitimate public concern.

145.    Plaintiffs did not discover Defendants' invasion of privacy until after July 20, 2019.

146.    By reason of the wrongful conduct of Defendants, Plaintiffs, including their family members who have lost consortium, have suffered conscious pain, suffering, severe emotional distress, attendant physical ailments and the fear of imminent serious bodily injury or death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physical injuries.

147.    Defendants, conspiring and/or acting in concert, jointly and severally, undertook their actions willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct, foreseeable, and proximate result thereof Plaintiffs suffered economic and emotional and attendant physical damage in a total amount to be proven at trial. Therefore, Plaintiffs seek punitive damages in an amount sufficient to deter Defendants and others from similar future wrongful conduct.

## **PRAYER FOR RELIEF**

Plaintiffs demand that judgment be entered against Defendants, jointly and severally, for compensatory and actual damages because of their inflicted demonstrable financial, physical and emotional, reputational injury to Plaintiffs, punitive damages because of Defendants' callous and reckless indifference to the Plaintiffs' rights, giving rise to a jury verdict and judgment for damages in excess of $90,000,000 USD, to be trebled where appropriate, and such other relief the Court may deem just and proper, including equitable relief, and an award of attorney's fees and costs.

## **JURY DEMAND**

Plaintiffs respectfully demand a jury trial on all issues so triable.

Dated: July 19, 2020                                        Respectfully submitted,

Larry Klayman, Esq.
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W.
Suite 345
Washington, D.C. 20006
Tel: (561) 558-5336
Email: leklayman@gmail.com

*Pro Hac Vice Motion to be Filed*

*/s/ Andrew Teitelman*
Andrew Teitelman, Esq.
PA ID No. 43545
380 Red Lion Rd Ste 103
Huntingdon Valley, PA, 19006
Tel: 267-255-6864
Fax: 215-434-7491
Email: ateitelman@teitelaw.com

*Counsel for Plaintiffs*

**EXHIBIT 1**

**EXHIBIT 1**

# Klayman Law Group

### A Professional Association

Larry Klayman, Esq.          2020 Pennsylvania Ave. N.W., #800          Tel: 561-558-5336
Washington, DC, 20006          Fax: 202-379-9289


Via Federal Express (Priority Delivery)

April 27, 2020

Honorable Jim Kenney
Mayor
City of Philadelphia
City Hall
Office 215
Philadelphia, PA 19107

Larry Krasner, Esq.
District Attorney
Office of the District Attorney
City of Philadelphia
3 S Penn Square
Philadelphia, PA 19107

Honorable Danielle Outlaw
Police Commissioner
Philadelphia Police Department
City of Philadelphia
750 Race Street
Philadelphia, PA 19106

Mr. Richard Ross, Jr.
Former Police Commissioner
c/o Philadelphia Police Department
750 Race Street
Philadelphia, PA 19106

**Re:    Discrimination and Other Illegal Conduct Against Police Officers Michael Melvin,
         Daniel Farrelly and Brion Milligan**

Ladies and Gentlemen:

As the founder of both Judicial Watch and now Freedom Watch, a former federal prosecutor and
as someone who believes in civil rights for both minorities and whites, without exception, and as
a native of Philadelphia myself, I have taken a special interest in the discriminatory, damaging

1

and highly radical leftist, politically-motivated and reverse racist policies and misconduct which led to the firing of my clients, former Philadelphia police officers Michael Melvin, Daniel Farrelly and Brion Milligan.

Illegally violating the private Facebook and other social media accounts of my clients, the Plainview Project – a radical leftist group – committed crimes, furthered by the mayor, then police commissioner Richard Ross, and the district attorney, Larry Krasner, by sanctioning this illegality and then compounding it with the precipitous firing of Messrs. Melvin, Farrelly and Milligan. The mayor, then police commissioner Richard Ross and Larry Krasner denied my clients even due process of law, as well as many other outstanding and distinguished Philadelphia policemen who have risked their lives in the service of the great city of Philadelphia.

The Facebook and social media postings likely at issue, which Ross, Krasner and the mayor did not disclose, were used as a "phantom" excuse to have my clients fired, contrary to even department policy. Even department policy does not countenance an extreme sanction this severe on an alleged first offense. Moreover, these posts of my clients – whatever they falsely are claimed to be – were not racist or offensive at all. My clients, like all Americans, have an absolute right in their private lives and on their private social media accounts to express their views, as protected by the First Amendment to our Constitution.

To use my clients as the whipping boys for political purposes is not just improper and I might add illegal, but also unethical and despicable under any norms of proper and acceptable conduct expected by public officials, who serve as representatives of We the People. The actions of Ross, Krasner and Kenney frankly smack of reverse racism against white police officers, who the mayor, the district attorney, and their former police commissioner obviously saw as politically expedient to scape goat and thus expendable to suit their political objectives and ends.

With regard to the chief law enforcement officer of our "City of Brotherly Love," the birthplace and cradle of our free republic, here is what the current U.S. Attorney had to say about district attorney Larry Krasner. The honorable William McSwain, appointed by President Donald J. Trump, lambasted Krasner for his cheap use of the police department to suit his political agenda, saying that he, McSwain, was "fed up" with a "new culture of disrespect for law enforcement" being "championed" by Krasner. Caitlin Oprysko, "'I Am Fed Up With It': Philadelphia U.S. Attorney Torches Local D.A. After Police Standoff," Politico, August 15, 2019. There is more but I will not belabor it here.

The illegal and discriminatory firing of my clients, which has severely harmed them and their families during the ongoing and severe Coronavirus pandemic, which has hit Philadelphia particularly hard, cutting them off from their livelihood when they need financial funds for sustenance and necessary healthcare, constitutes both "cruel and unusual punishment" for non-existent alleged violations.

Along with local counsel, I have been instructed by my clients to bring suit in federal court in the U.S. District Court for the Eastern District of Pennsylvania under federal civil rights laws preventing discrimination by virtue of race, as well as other applicable causes of action, against

both the city, Krasner, Kenney and Ross, if this matter cannot be amicably settled by reinstating them as police officers and compensating them for the violations of their constitutional rights. As Mr. Krasner I am sure can counsel, public officials are not immune from suit in their individual capacities when they violate constitutional rights. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

I look forward to hearing from you with an affirmative response to commencing settlement discussions within ten (10) days. Otherwise, I have been instructed to file suit to redress the illegal and unconstitutional damage caused to my clients, which damage is being cruelly compounded daily particularly during the Coronavirus pandemic.

As a human gesture, notwithstanding my clients' considerable legal claims, it would behoove you to settle with them during these dire and dangerous times.


Govern yourselves accordingly.

Sincerely,


Larry Klayman, Esq.

3