IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MELVIN, ET AL.,** | : | Case No.   20-cv-03529-JMY |
| *Plaintiffs* | : | |
| v. | : | |
| **HON. JAMES F. KENNEY, ET AL.,** | : | |
| *Defendants* | : | |

## ORDER

AND NOW, this  25th  day of November, 2020, upon consideration of Defendants Mayor James F. Kenney, District Attorney Larry Krasner, Police Commissioner Danielle Outlaw, and former Police Commissioner Richard Ross, Jr.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 10), it is hereby **ORDERED** that said Motion is **GRANTED** as unopposed.[1]

**IT IS SO ORDERED.**

BY THE COURT:

 /s/ John Milton Younge
**Judge John Milton Younge**

---

[1] Defendants filed their Motion to Dismiss on November 2, 2020.  (ECF No. 10.)  If Plaintiffs contested the Motion, they were required to file a brief in opposition within 14 days thereafter—by November 16, 2020.  *See* Local R. Civ. P. 7.1(c).  Plaintiffs have not filed an opposition.  Pursuant to Local Rule 7.1(c), "[i]n the absence of timely response, [a] motion may be granted as uncontested except as provided under [the Federal Rule of Civil Procedure governing summary judgment motions]."  Since Plaintiffs have failed to oppose Defendants' Motion to Dismiss, the Court grants the Motion as unopposed.  *See, e.g.*, *United States v. Eleven Vehicles*, 200 F.3d 203, 214 (3d Cir. 2000) ("Local court rules play a significant role in the

district courts' efforts to manage themselves and their dockets" and district courts have the authority "to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule."); *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991) (recognizing that a local civil rule may be properly invoked to treat a motion as unopposed, particularly where a party is represented by counsel); *Schutter v. Herskowitz*, No. 07-3823, 2008 WL 2331365, at *3 (E.D. Pa. June 6, 2008) ("*Stackhouse* does not require a court to examine the merits of any motion to dismiss where an opposing party has failed to respond."); *see also Naeem v. Bensalem Twp.*, No. 04-1958, 2005 WL 696763, at *1-2 (E.D. Pa. Mar. 24, 2005) (collecting cases granting Rule 12(b) motions due to plaintiff's failure to file timely response under Local Rule 7.1(c)).