**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **MICHAEL MELVIN, et al** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action |
| v. | : | No. 20-3529 |
| | : | |
| **HON. JAMES F. KENNEY, et al** | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Defendants', Mayor James F. Kenney, District Attorney Larry Krasner, Philadelphia Police Commissioner Danielle Outlaw, and former Police Commissioner Richard Ross, Response to Plaintiffs' Motion to Set Aside the Order Granting Defendants' Motion to Dismiss, it is **HEREBY ORDERED** that the Motion to Set Aside is **DENIED**.

BY THE COURT:

_____
Younge, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MELVIN, et al** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 20-3529** |
| | : | |
| **HON. JAMES F. KENNEY, et al** | : | |
| | : | |
| **Defendants.** | : | |

**CITY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET ASIDE
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Defendants Hon. Mayor James Kenney, District Attorney Larry Krasner, Police Commissioner Danielle Outlaw, and former Police Commissioner Richard Ross, Jr. hereby file this Response to Plaintiffs' Motion to Set Aside the Order granting Defendants' Motion to Dismiss. Plaintiffs were given ample notice of Defendants' Motion to Dismiss via the Court and from defense counsel and still chose not to timely respond to the Motion to Dismiss. Plaintiffs also waited two weeks after receipt of an email from defense counsel acknowledging the Motion to Dismiss yet still did not respond in a timely manner. Plaintiffs fail to offer any valid reason for this Court to set aside its decision and fail to meet the standards for relief under either Rule 60(b) or under a Motion for Reconsideration. In support of this motion, Defendants incorporate the attached Memorandum of Law.

Date:  December 8, 2020                                   Respectfully submitted,

/s/ Brian Rhodes
Brian Rhodes, Senior Attorney
Pa. Attorney ID No. 69716
City of Philadelphia Law Department
1515 Arch Street,16th Floor
Philadelphia, PA 19102
Brian.rhodes@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **MICHAEL MELVIN, et al** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action |
| v. | : | No. 20-3529 |
| | : | |
| **HON. JAMES F. KENNEY, et al** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET ASIDE ORDER GRANTING DEFENDANTS' <u>MOTION TO DISMISS</u>**

Plaintiffs Michael Melvin, Dan Farrelly, Brion Milligan, Mark Palma, Robert Bannan, Jesus Cruz, and Steven Hartzell (hereinafter referred to herein as "Plaintiffs"), ask the Court to set aside its Order granting Defendants' Motion to Dismiss, pursuant to Rule 60(b)(1), due to "communication difficulties" from COVID-19 and because counsel had to respond to "several client emergencies." Plaintiffs erroneously assert relief under Rule 60(b)(1), which grants relief from a "final judgment, order or proceeding", based on a "mistake, inadvertence, surprise, or excusable neglect." Yet, a "final judgment, order or proceeding" has not been rendered by this Court. The granting of the Motion to Dismiss, without prejudice, does not constitute a "final judgment, order or proceeding" since the statute of limitations has not run on their claims. Plaintiffs actually seek a Motion for Reconsideration from this court pursuant to Rule 59(e) and the standard for a Motion for Reconsideration has not been met by Plaintiffs' pleading. Accordingly, Defendants respectfully request that this Court deny Plaintiffs' Motion to Set Aside.

I.      PROCEDURAL BACKGROUND

Plaintiffs filed their action against Defendants on July 19, 2020.  By way of waiver of service, the parties agreed that Defendants would have until November 2, 2020 to file a response to the Complaint.  Defendant filed a Motion to Dismiss the complaint under Rule 12(b)(6) on November 2. The next day, the Court entered an Order scheduling a Rule 16 Conference for December 1, 2020.  Pursuant to Rule 7.1(c) of the Local Rules of Civil Procedure, Plaintiffs had 14 days—until November 16, 2020—to file a response to Defendants' Motion to Dismiss.  Plaintiffs did not file a response nor did they request an extension to do so.  Accordingly, on November 25,  this Court granted Defendant's motion as unopposed, dismissing all of the claims against Defendants without prejudice.

Prior to the Court's ruling, on November 20, 2020, counsel for the City emailed Plaintiffs' attorneys Andrew Teitelman and Larry Klayman that pursuant to the Court's November 3 scheduling order and, "**regardless of the City's Motion to Dismiss**," the parties should meet in order to comply with the Court's Order.  Plaintiffs did not acknowledge the email until December 1, 2020 when in an email from Mr. Teitelman to City Senior Attorney Rhodes, he stated, "I now see that you did send both me and Larry Klayman an email on 11/20 and I do not know how or why I missed it and did not respond."  Thereafter, on November 27, 2020, Plaintiffs filed their Motion to Set Aside the Court's Order granting Defendants' Motion to Dismiss.

**Standard of Review**

**Rule 60 (b) Motion is Not Applicable.**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of a case, under a limited set of circumstances[.]" *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109,

112 (3d Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).  Critically, Rule 60(b) " 'applies only to 'final' judgments and orders.' " *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (quoting *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997)). "Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims." *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007). The Third Circuit Court of Appeals explained:

> While "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint," . . . "[t]his principle . . . does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice" . . . After the statute of limitations has run, an unconditional dismissal without prejudice is considered final.

*Atkinson*, 610 F. App'x at 111 (citations omitted).

Here, Plaintiffs' complaint was dismissed without prejudice on November 25, 2020. Based on Plaintiffs' complaint, the alleged violations of the First Amendment occurred in July and/or August of 2019.  As such, Plaintiffs have two years from the date of harm to file suit. Hence, a "final order" has not been issued in this matter.  As such, Plaintiff can either amend or refile their suit.

Since Plaintiffs assert that its request should be considered under Rule 60(b)(1), Defendants will nonetheless address their argument should the Court decide to review this argument for merit.

Rule 60(b)(1) may relieve a party from a "final judgment, order, or proceeding" for the following reasons: "mistake, inadvertence, surprise, or excusable neglect."  Based on Plaintiffs' Motion to Set Aside, they want this Court to grant extraordinary relief because of "communication difficulties" they were having due to COVID-19 and because of several "client

emergencies" during this same time period.  In other words, Plaintiffs allege that their oversights constitute "excusable neglect."  The U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the case *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380, 395 (1992), where the Court laid out this four-factor balancing test:

    1.    Whether the delay in filing was within the reasonable control of the movant;

    2.    The length of the delay and the delay's potential impact on judicial proceedings;

    3.    The danger of prejudice to the non-moving party; and

    4.    Whether the movant acted in good faith.

When balancing the *Pioneer* factors, courts have placed the greatest weight on whether any prejudice to the non-movant will occur by allowing the late claim.  Here, granting the Plaintiffs' Motion to Set Aside would be extremely prejudicial to Defendants because the underlying claims are wholly meritless and inflammatory.  To resurrect this baseless matter, which is filled with derogatory, racist, and misogynistic statements and allegations (which mirror the posts made by the police officers on Facebook) and to require the Defendants to again address these in a responsive pleading, would reward Plaintiffs for their abhorrent and negligent behavior.  This court's Order dismissing their suit is a gift that they should not seek to return.

**Plaintiffs' Request is Actually a Rule 59 (e) Motion for Reconsideration which also Fails.**

A decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See *Jarzyna v. Home Props. L.P.*, 185 F. Supp. 3d 612, 621-22 (E.D. Pa. 2016) (Robreno, J.) (quoting *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*,

176 F.3d 669, 677 (3d Cir.1999)), aff'd, 783 Fed. App'x 223 (3d Cir. 2019). "Disagreement with the Court's ruling is not proper grounds for a motion for reconsideration." *Smith v. Unilife Corp.*, No. 13-5101, 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015).

Plaintiffs cite no intervening change in controlling law that compels a different result and no new evidence that the Court need consider. Plaintiffs also do not contend that the Court applied any incorrect legal standard, or that the Court must correct a clear error of law or fact. Plaintiffs only contention is that they mistakenly missed the filing deadline.  This alone is not enough to resurrect their claims.

## IV.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court deny the Motion to Set Aside by Plaintiffs.

Date: December 8, 2020                              Respectfully submitted,


                                                    /s/ Brian Rhodes
                                                    Brian Rhodes
                                                    Senior Attorney
                                                    Pa. Attorney ID No.69716
                                                    City of Philadelphia Law Department
                                                    1515 Arch Street, 16th Floor
                                                    Philadelphia, PA 19102
                                                    brian.rhodes@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **MICHAEL MELVIN** : | |
| **DAN FARRELLY** : | |
| **BRION MILLIGAN** : | |
| **MARK PALMA** : | |
| **ROBERT BANNAN** : | |
| **JESUS CRUZ, and** : | |
| **STEVEN HARTZELL** : | |
|          **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 20-3529** |
| : | |
| **HON. JAMES F. KENNEY,** : | |
| **LARRY KRASNER, ESQ.,** : | |
| **HON. DANIELLE OUTLAW,** : | |
| **RICHARD ROSS, JR., and** : | |
| **EMILY BAKER-WHITE d/b/a THE PLAIN** : | |
| **VIEW PROJECT** : | |
|          **Defendants.** : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the City Defendants' filed its Response to Plaintiffs' Motion to Set Aside the Order granting Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading. An electronic copy was also emailed to Plaintiffs' attorneys at the following email addresses:

       ateitelman@teitelaw.com
       klaymanlaw@gmail.com

Date: December 8, 2020                    /s/ Brian Rhodes
                                                  Brian Rhodes
                                                  Senior Attorney
                                                  Pa. Attorney ID No 69716

City of Philadelphia Law
Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
brian.rhodes@phila.gov