IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL MELVIN, ET AL.,** : | |
| : | Case No.   20-cv-03529-JMY |
| *Plaintiffs* : | |
| : | |
| v. : | |
| : | |
| **HON. JAMES F. KENNEY, ET AL.,** : | |
| : | |
| *Defendants* : | |

## ORDER

**AND NOW**, this 15th day of December, 2020, upon consideration of Plaintiffs' Motion to Set Aside (ECF No. 14), and all documents submitted in support thereof and in opposition thereto, it is hereby **ORDERED** that:

(1)  Plaintiffs' Motion to Set Aside (ECF No. 14) is **GRANTED**;[1]

(2)  The Court's Order dated November 25, 2020 (ECF No. 12) is **VACATED**; and

(2)  Defendants shall have up to, and including, January 6, 2021 to file a Reply to Plaintiffs' Opposition (*see* ECF No. 18-1).

**IT IS SO ORDERED**.

BY THE COURT:

/s/ John Milton Younge
_____
**Judge John Milton Younge**

---

[1] On November 2, 2020, Defendants filed a motion to dismiss seeking dismissal of all claims against them with prejudice.  (*See* ECF No. 10.)  Plaintiffs failed to file an opposition, and on November 25, 2020, the Court granted Defendants' motion as uncontested pursuant to this Court's local rules.  *See* Local R. Civ. P. 7.1(c) ("In the absence of timely response, [a] motion may be granted as uncontested except as provided under [the Federal Rule of Civil Procedure governing summary judgment motions].").  In so doing, the Court declined to address the merits of the then pending motion to dismiss.  Following the Court's Order, on November 27, 2020, Plaintiffs filed a Motion to Set Aside the November 25, 2020 Order (*see* ECF No. 14), which the Court construes as both a motion for reconsideration and motion to set aside pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  *See Johnson v. BB & T Corp.*, Civ.

No. 17-cv-4490, 2018 WL 1518618, at *1 (E.D. Pa. Mar. 28, 2018) ("Although courts generally recognize that differences exist between Rule 59(e) and Rule 60(b), there is considerable overlap between the two such that in practice, the rules permit the same relief—a change in judgment.").

"Motions for reconsideration under [Rule] 59(e) are intended to correct manifest errors of law or fact or to present newly discovered evidence and are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Howard Hess Dental Labs., Inc., v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal quotation marks and citations omitted). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [original] motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). The Court cannot find that Plaintiffs are entitled to any relief under Rule 59(e). Plaintiffs make no showing of a change in controlling law or of any new evidence not previously attainable before the Court issued its decision. Nor does the Court find any clear error of law or fact in its decision to dismiss this matter as uncontested—to the contrary, there is no dispute that the applicable procedural rules mandate that a response to the motion to dismiss was due "within fourteen (14) days after service of the motion and supporting brief," and "[i]n the absence of timely response, the motion maybe granted as uncontested." *See* Local R. Civ. P. 7.1(c). Likewise, the Court does not find manifest injustice in its utilization of the local rules. *See*, *e.g.*, *U.S. v. Eleven Vehicles*, 200 F.3d 203, 214 (3d Cir. 2000) ("[I]t is not an abuse of discretion for a district court to impose a harsh result such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule"); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (recognizing that a local civil rule may be properly invoked to treat a motion as unopposed, particularly where a party is represented by counsel). Accordingly, Plaintiffs' motion, to the extent it is brought pursuant to Rule 59(e), is denied.

On the other hand, the general "purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *In re Linerboard Antitrust Litig.*, 223 F.R.D. 357, 363 (E.D. Pa. 2004) (internal quotation marks and citation omitted). Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "mistake, inadvertence, surprise, or excusable neglect" is shown. Fed. R. Civ. P. 60(b)(1). The Supreme Court has observed that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Serv's Co. v. Brunswick Assoc.'s Ltd. P'ship*, 507 U.S. 380, 394 (1993). The test for "excusable neglect" is equitable, requiring consideration and weighing of the totality of the circumstances, including "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay—and whether it was within the movant's control; and (4) whether the movant acted in good faith." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007). Lastly, a "Rule 60(b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Rose v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981).

In considering whether relief may be awarded under Rule 60(b)(1), and in undertaking to weigh and consider the circumstances presented here in their totality, the Court finds first that the length of delay and risk of prejudice to the Defendants is minimal. Plaintiffs filed their motion within two days of the Court's ruling and attached their opposition brief within two weeks of the Court's ruling, thus little additional time has passed and no real impact has been had on these judicial proceedings as a consequence. Further, inasmuch as this matter is still in the pleadings stage, there has been no real discovery and no Rule 16 conference has been held. Thus, the Court finds that these considerations militate in favor of affording Plaintiffs relief. Next, the question of whether the mistake was within Plaintiffs' control is more problematic. As Plaintiffs freely admit, the failure to timely respond to the motion to dismiss was directly "due to the communication difficulties inherent in the worsening Covid-19 pandemic [and that] a miscommunication occurred between counsel and staff which resulted in the opposition date not being marked up." (ECF No. 14 at 1.) While the Court is understanding of the

constraints the pandemic has had on workplace communications and efficiency, the Court cannot find that this excuses Plaintiffs' counsel's failure to periodically check email for ECF filings and properly record and be mindful of deadlines. Indeed, this error was clearly within counsel's control, however, the litigant should not suffer the consequences of the negligence of counsel. As to the remaining factor for consideration, the Court finds no reason to find that counsel has not acted in good faith. Lastly, the Court is mindful of our Court of Appeals' "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Thus, in weighing the above factors, the Court finds it appropriate to exercise the considerable discretion afforded to it under Rule 60(b) in Plaintiffs' favor and will vacate the November 25, 2020 Order.