UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MELVIN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>JAMES F. KENNEY, et al.<br><br>Defendants. | Civil Action No. 20-3529 |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 16, 2021 and submit the following report of their meeting for the court's consideration:

**1. Discussion of Claims, Defenses and Relevant Issues**

PLAINTIFFS' CLAIMS:[1]

Plaintiffs, all once Philadelphia police officers who honored their oaths and served their community, were the target of discriminatory termination – whether actual or constructive – at the hands of the City Defendants. The City Defendants, who have been tasked with oversight of the Philadelphia police department, have acted outside the scope of their official duties to terminate Plaintiffs in furtherance of their own personal and political agendas, without the requisite due process that is afforded to Philadelphia law enforcement officers.

The City Defendants' "excuse" for Plaintiffs' terminations is the release of a group of hacked personal and private social media posts from the Plain View Defendants. In the Plain View Defendants' own words, tier purpose is to "erode civilian trust and confidence in police"

---

[1] The "Plaintiffs' Claims" section is drafted by Plaintiffs' counsel. Likewise, the "Defendants' Defenses" section is drafted by counsel for the City Defendants.

and thus to portray them as racist, sexist, and dangerous to the community. There was nothing in the Plaintiffs' illegally hacked social media posts to support the false "excuses" used to terminate them and termination would not have been warranted even if these claims had been true, since the police department policy did not countenance such an aggressive punishment as actual or constructive termination.

Plaintiffs' substantive federal legal claims are based on the deprivation of their civil rights by the City Defendants under 42 U.S.C. § 1983, including racial discrimination, violation of their First Amendment rights to free speech, and deprivation of their Second Amendment rights to bear arms. Their pendant state law claims are grounded in wrongful discharge, defamation and intentional infliction of emotional distress. All of this is more fully set forth in Plaintiffs' complaint and their opposition to the City Defendants' motion to dismiss the complaint, which are incorporated herein by reference.

Plaintiffs' note, with disdain, the repeated cheap assertions in the pleadings and motion papers by the City Defendants, repeated hereinbelow, that "Plaintiffs lawsuit is replete with false statements, innuendo, misrepresentations and bigoted comments…" However, it is also noted that the City Defendants seem to admit the crux of the allegations made in Plaintiffs' complaint in the balance of the foregoing quotation, which goes on to state "…similar to the posts made by the Plaintiffs on Facebook."

The City Defendants obtained Plaintiffs' private social media posts through the illegal hacking of their co-defendants, and the discharge of Plaintiffs resulting therefrom was extreme and in violation of the policies of the police department in any event. This is only made worse by Defendants' false and themselves bigoted characterizations of the Plaintiffs' private social media postings in this litigation and as a contrived basis for their firings.

CITY DEFENDANTS' DEFENSES:

Plaintiffs assert that City Defendants illegally and improperly disciplined them for posts made on Facebook that were discovered and published to the public by Defendant Plain View Project. According to Plaintiffs, the City Defendants somehow played a role in the alleged "hacking" of Plaintiffs' Facebook accounts, as part of a greater "far-left" conspiracy between the City Defendants and the Plain View Project (both allegedly funded by George Soros) to discriminate against and endanger "white male and non-African-American and non-Muslim cops." To that end, Plaintiffs contend that they were improperly terminated because of their race, sex, ethnicity, and viewpoint and that the City Defendants: 1) defamed them by releasing "the hacked messages" and "private employment information" to the news media and 2) unconstitutionally deprived them of their service and personal weapons, "leaving them exposed to attacks from ultra-leftists, anarchists like ANTIFA," and causing "severe emotional distress and physical ailments at a minimum."

The City Defendants, Philadelphia Mayor James Kenney, District Attorney Larry Krasner, Police Commissioner Danielle Outlaw, and former Police Commissioner Richard Ross (the "City Defendants"), assert that Plaintiffs' lawsuit is replete with false statements, innuendo, misrepresentations and bigoted comments similar to the posts made by the Plaintiffs on Facebook. Further, the Complaint fails to set forth facts against the City Defendants which plausibly give rise to liability for any of the claims they assert. Because Plaintiffs have made no effort to tailor their Complaint to each City Defendant as an individual and tie actual facts to the incidents they complain of the City was forced to file a Motion to Dismiss.

Any and all discipline that each Plaintiff received for posting inappropriate and disruptive posts on Facebook was warranted.

Defendants will seek from Plaintiff all posts made to any social media account by each Plaintiff. Defendants will continue to file dispositive motions.

The City Defendants will forward disclosures within 30 days after the conference. There may be a slight delay on retrieval and submission of City records due to office closures and support staff on modified work schedules. City Counsel is working with support staff to quicken retrieval and sorting (bates stamping) the records.

2. **Informal Disclosures**

The parties shall exchange their informal disclosures within 30 days after the conference. The City Defendants state that there may be a slight delay on retrieval and submission of City records due to office closures and support staff on modified work schedules. City Counsel is working with support staff to quicken retrieval and sorting (bates stamping) the records.

3. **Formal Discovery**

City Defendants request 270 days for fact discovery, with a fact discovery end date of October 19, 2021. Since there are a number of Plaintiffs and claims in this matter, extended discovery beyond the normal 120 days is justified.

The majority of depositions will occur within the Philadelphia tri-county area. The parties anticipate the need for 20 - 25 depositions but each reserves the right to amend this number upon receipt of the other's disclosures and as may be warranted by formal discovery.

Defendants state that electronic discovery would consist of access to Plaintiffs' original Facebook posts. Defendants will also seek access to all other social media accounts of each Plaintiff. Plaintiffs object to this overboard assertion. The City Defendants were never entitled to any of Plaintiffs' private social media information in the first instance, but fired them based on that, and now they want more - - and for what legitimate purpose. Plaintiffs will seek all

electronic communications from or to any of the named City Defendants and others within the employ of the city, the District Attorney's Office and/or police department, referable to Plaintiffs or any of them, their discharge, discipline and any other matters connected to their employment by and discharge form the police department.

Outside of expert and medical discovery the parties do not presently anticipate the need for third party discovery.

### 4. Expert Witness Disclosures

The parties respectfully request an additional 30 days after the close of fact discovery to secure expert reports with appropriate time to offer counter-reports and/or to take expert depositions where appropriate.

### 5. Settlement or Resolution

It is unlikely that early settlement or resolution will occur.

### 6. Magistrate Jurisdiction

City Defendants do not anticipate that it will agree to have this matter heard by a Magistrate Judge at this point.

### 7. Trial Date

Defendants anticipate that trial in this matter may last four weeks.  The parties would respectfully request that trial not be held for a period of at least 30 days after the parties receive the Court's decision on any dispositive motions.

### 8. Other Matters

The parties do not anticipate any other matters at this time but will update the Court as quickly as possible if any issues arise.

Respectfully Submitted,


/s/ Brian Matthew Rhodes
Attorney Signature (City Defendant)


/s/ Andrew Teitelman
/s/ Larry Klayman
Attorneys for Plaintiffs