IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MELVIN<br>DAN FARRELLY<br>BRION MILLIGAN<br>MARK PALMA<br>ROBERT BANNAN<br>JESUS CRUZ, and<br>STEVEN HARTZELL<br>             Plaintiffs,<br><br>    v.<br><br>HON. JAMES F. KENNEY,<br>LARRY KRASNER, ESQ.,<br>HON. DANIELLE OUTLAW,<br>RICHARD ROSS, JR., and<br>EMILY BAKER-WHITE d/b/a THE PLAIN VIEW PROJECT<br>             Defendants. | Civil Action<br>No. 20-3529 |

## ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the City Defendants' Motion to Stay Discovery Pending Disposition of Motion to Dismiss on behalf of Defendants James F. Kenney, Larry Krasner, Danielle Outlaw, and Richard Ross, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MELVIN<br>DAN FARRELLY<br>BRION MILLIGAN<br>MARK PALMA<br>ROBERT BANNAN<br>JESUS CRUZ, and<br>STEVEN HARTZELL<br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>HON. JAMES F. KENNEY,<br>LARRY KRASNER, ESQ.,<br>HON. DANIELLE OUTLAW,<br>RICHARD ROSS, JR., and<br>EMILY BAKER-WHITE d/b/a THE PLAIN<br>VIEW PROJECT<br>　　　　　　　Defendants. | **Civil Action**<br>**No. 20-3529** |

**CITY DEFENDANTS' MOTION TO STAY DISCOVERY PENDING
<u>DISPOSITION OF MOTION TO DISMISS</u>**

Defendants James Kenney, Larry Krasner, Danielle Outlaw, and Richard Ross, Jr. (the "City Defendants") hereby respectfully request that the Court stay the deadlines for discovery pending its ruling on their Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6), or, in the Alternative, Motion to Strike in Part Pursuant to Rule 12(f) and Motion for a More Definite Statement Pursuant to Rule 12(e) ("Motion to Dismiss"), ECF No. 10. In support of this motion, City Defendants incorporate the attached Memorandum of Law.

Date: April 7, 2021　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　<u>/s/ Brian Rhodes</u>
　　　　　　　　　　　　　　　　　　　　　　Brian Rhodes
　　　　　　　　　　　　　　　　　　　　　　Senior Attorney
　　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 69716
　　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department

                1515 Arch Street, 16th Floor
                Philadelphia, PA 19102
                brian.rhodes@phila.gov

                <u>/s/ Meghan Byrnes</u>
                Meghan Byrnes
                Deputy City Solicitor
                Pa. Attorney ID No. 321316
                City of Philadelphia Law Department
                1515 Arch Street, 17th Floor
                Philadelphia, PA 19102
                215.683.5011
                meghan.byrnes@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MELVIN<br>DAN FARRELLY<br>BRION MILLIGAN<br>MARK PALMA<br>ROBERT BANNAN<br>JESUS CRUZ, and<br>STEVEN HARTZELL<br>                Plaintiffs,<br><br>       v.<br><br>HON. JAMES F. KENNEY,<br>LARRY KRASNER, ESQ.,<br>HON. DANIELLE OUTLAW,<br>RICHARD ROSS, JR., and<br>EMILY BAKER-WHITE d/b/a THE PLAIN VIEW PROJECT<br>                Defendants. | Civil Action<br>No. 20-3529 |

**MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANTS' MOTION TO STAY DISCOVERY PENDING <u>DISPOSITION OF MOTION TO DISMISS</u>**

Defendants James Kenney, Larry Krasner, Danielle Outlaw, and Richard Ross, Jr. (the "City Defendants") hereby respectfully request that the Court stay the deadlines for discovery pending its ruling on their Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6), or, in the Alternative, Motion to Strike in Part Pursuant to Rule 12(f) and Motion for a More Definite Statement Pursuant to Rule 12(e) ("Motion to Dismiss"), ECF No. 10.

The City Defendants should not be required to respond to Plaintiffs' sprawling discovery requests while the Motion to Dismiss—which, if granted in whole or in part—would significantly narrow the scope of discovery or obviate the need for discovery altogether. Because the Complaint is threadbare and Plaintiffs' discovery requests do nothing to elucidate

which City Defendants are liable for certain conduct, to permit discovery at this point would improperly allow the Plaintiffs to engage in a fishing expedition, meaning discovery in search of evidence *of a claim*, as opposed to discovery in search of evidence to support or oppose a claim that has been properly plead.

## I. FACTUAL BACKROUND

On July 19, 2020, Plaintiffs Michael Melvin, Dan Farrelly, Brion Milligan, Mark Palma, Robert Bannan, Jesus Cruz, and Steven Hartzell (hereinafter referred to herein as "Plaintiffs") filed a Complaint against Defendants Philadelphia Mayor James Kenney, District Attorney Larry Krasner, Police Commissioner Danielle Outlaw, and former Police Commissioner Richard Ross (the "City Defendants") asserting claims in connection with Plaintiffs' termination from the Philadelphia Police Department (hereinafter "PPD") for a variety of posts that Plaintiffs made on social media that were racist, Islamophobic, celebrated violence and vigilante justice, and demonstrated lack of respect for due process. The Complaint is sprawling, alleging the following ten counts against each City Defendant:

- Count I – 42 U.S.C. § 1983 – Deprivation of Civil Rights: Racial Discrimination;
- Count II – 42 U.S.C. § 1983 – Deprivation of Civil Rights: First Amendment Rights to Free Speech;
- Count III – 42 U.S.C. § 1983 – Deprivation of Civil Rights: Second Amendment Right to Bear Arms;
- Count IV – 42 U.S.C. § 1985 – Conspiracy to Deprive Plaintiffs of Civil Rights;
- Count V – Defamation;
- Count VI – Defamation by Implication;
- Count VII – Defamation Per se;
- Count VIII – Intentional Infliction of Emotional Distress;
- Count IX – Invasion of Privacy – False Light;
- Count X – Invasion of Privacy – Publicity Given to Private Life.

On November 2, 2020, the City Defendants filed a Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6), or, in the Alternative, Motion to Strike in Part Pursuant to

Rule 12(g) and Motion for a More Definite Statement Pursuant to Rule 12(e) (the "Motion to Dismiss"), ECF No. 10.

In the Motion to Dismiss,[1] the City Defendants argue that Plaintiffs' Complaint should be dismissed because, *inter alia*: (1) it failed to meet even the minimal pleading standards because it lacked any specific factual allegations which plausibly give rise to liability for any claims asserted; (2) the federal civil rights claims did not ascribe actual, specific conduct to the City Defendants on an individual basis; and (3) the City Defendants are high public officials immune from suit on the state law tort claims. The Motion to Dismiss requested, in the alternative, that the Plaintiffs provide a more definite statement and that portions of the Complaint be stricken as impertinent and scandalous. *Id.*

On January 19, 2021, following a Rule 16 Conference, this Court issued a scheduling order providing May 19, 2021 as the close of discovery. *See* ECF No. 27.

On March 8, 2021, Plaintiffs propounded their first set of requests for production of documents to each of the City Defendants – Kenney, Krasner, Outlaw, and Ross. Much like their Complaint, Plaintiffs' requests reflected no tailoring or attention to detail. Instead, each was an omnibus carbon copy of one another, doing nothing to ascribe certain claims to each defendant or tailor their requests in any way in a manner that would be proportional to the needs of the case or the alleged involvement of any individual defendant.

As just one example of this lack tailoring, the requests for Kenney, Outlaw, and Ross demand that they provide "any and all documents, records, and/or things, in part or in whole, containing or embodying any communications between former U.S. Attorney William McSwain,

---

[1] The City Defendants hereby incorporate by reference the arguments made in their Motion to Dismiss, ECF No. 10, as if fully set forth herein.

and Larry Krasner, Esq. during the year 2019." *See* Reqs. for Prod. directed at Kenney, Outlaw, and Ross, attached hereto as Exhibits A, B, and C, respectively.

Even further, the requests are onerous, especially as to the City Defendants who are not involved in everyday discipline of police department personnel or police department recordkeeping. More specifically, the Complaint contains no plausible allegation that Krasner or even Kenney participate in employment-related decisions of rank-and-file police personnel. However, as just two examples, Plaintiffs' requests demand that they search for and produce the following: (1) "Any and all documents, records, and/or things discussing or relating in an [sic] way, in whole or in part, to summaries or statistics of the grounds or bases for civilian complaints against any police officers, detectives, or investigators or the like, since January 1, 2009"; and (2) "Any and all documents, records, and/or things discussing or relating in an [sic] way, in whole or party, [to] any police officers, detectives, investigators or the like expressing opinions in public, since January 1, 2009." *See* Reqs. for Prod. Directed at Kenney and Krasner, attached hereto as Exhibits A and D, respectively.

Given the Complaint's basic deficiencies (and the City Defendants' complete immunity on the state law claims), the City Defendants cannot—and should not be compelled to—defend or otherwise engage in onerous discovery at this point regarding the claims as they are asserted in the Complaint.

## II. ARGUMENT

The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court. *In re Orthopedic Bone Screw Prod. Liab. Lit.*, 264 F.3d 344, 365 (3d Cir. 2001) (not an abuse of discretion to stay discovery while considering motion to dismiss). The goal of such a stay is to increase judicial efficiency and relieve defendants of unnecessary and burdensome requests: a stay is proper "where the likelihood that

such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *See Pfizer Inc. v. Johnson & Johnson*, No. 17-cv-4180, 2018 WL 1071932, at *1 (E.D. Pa. Feb. 27, 2018) (quoting *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000)); *see also Neitzke v. Williams*, 490 U.S. 319-37 (1989) (the purpose of 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding"). As such, motions to dismiss should "typically be 'resolved before discovery begins.'" *Levey v. Brownstone Inv. Grp.*, *LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

Here, a stay of discovery pending the Motion to Dismiss would promote a more efficient use of resources for all parties, as this Court's disposition of the Motion to Dismiss may narrow or eliminate the issues as to which discovery will be necessary. IIf the Court grants the Motion to Dismiss, all discovery would be futile. On the other hand, if the Court only partially grants the relief requested in the Motion to Dismiss (or at least requires Plaintiffs to file a more definite statement), discovery can be appropriately tailored and the burden on the City Defendants to produce discovery mitigated. Further, any delay caused by the Court's consideration of the Motion to Dismiss will not prejudice the Plaintiffs.

### A. A stay at this juncture is appropriate because discovery would be futile if the Court dismisses the entire Complaint for its basic pleading deficiencies under Rule 8(a)(2).

First, as set forth more fully in the Motion to Dismiss, Plaintiffs have failed to meet even the basic pleading standards under Rule 8(a)(2). All counts of the Complaint should be dismissed because Plaintiffs did not adequately allege any facts, *i.e.* any specific, non-conclusory actions of any of the City Defendants that plausibly give rise to a claim for relief. *See Bell Atl. Corp. et al. v. Twombly*, 550 U.S. 544, 555 (2007) (pleadings require more than a "formulaic

recitation of the elements of a cause of action" and must allege a sufficient number of facts "to raise a right to relief above the speculative level."). Nearly every single paragraph of the Complaint—including both the federal and state law claims—contains either a "formulaic recitation" of the causes of action (which is not enough to satisfy Rule 8(a)(2)) or an unsupported legal conclusion that the court can entirely disregard.

If this Court agrees that Plaintiffs failed to meet basic pleading standards, the Complaint can be dismissed in its entirety on those grounds alone, obviating the need for—and Plaintiff's entitlement to—discovery. *Mann v. Brenner*, 475 F. App'x 232, 239 (3d. Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."). Other courts have expressly held that discovery is inappropriate where, like here, plaintiff's complaint is deficient on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."); *Levey v. Brownstone Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) ("Given what little the complaint tells us, there is nothing reasonable about [plaintiff's] expectation that taking discovery would reveal any infringement. As the district court found, [plaintiff's] factual basis for establishing infringement was so thin that it failed to meet even the minimal pleading standard under Fed. R. Civ. P. 8(a). He is plainly not entitled to burden [defendant] with discovery . . . given the deficiencies of his complaint."); *Barbieri v. Wells Fargo & Co.*, No. 09-3196, 2012 WL 3089373, at *5 (E.D. Pa. July 27, 2012) ("Delaying discovery until the Court has had the opportunity to determine whether or not Plaintiffs have pleaded facts necessary to proceed with their claims may help to streamline the expensive discovery process, and thereby minimize the burden on counsel, parties, and the Court."

(quotation omitted)). Based on the foregoing, a stay of discovery is appropriate while the Court considers the case dispositive Motion to Dismiss.

> **B.    The need for discovery would be eliminated or significantly narrowed if this Court partially dismisses the Complaint or requires that Plaintiffs file a more definite statement.**

In the event this Court partially grants the Motion to Dismiss or requires Plaintiffs to file a more definite statement, a stay pending this determination could significantly narrow the scope of discovery.

For example, if this Court dismisses only the state law claims against the City Defendants on the basis of high public official immunity [*see* Motion to Dismiss, ECF No. 10 at pp. 17-18], then discovery probative of Plaintiffs' defamation and invasion of privacy claims would be unnecessary and as such, ease the City Defendants' burden in this case and promote judicial efficiency.[2] Moreover, allowing discovery to proceed at this juncture (before the Court has had a chance to examine the doctrine's applicability) may undermine the purposes of high official immunity, which is to "protect the high public official from liability, not for his or her own personal benefit, but for the benefit of the *public* he or she serves." *Doe v. Franklin Cty.*, 174 A.3d 593, 603 (Pa. 2017) (emphasis original).

Even more broadly, if this Court were to require Plaintiffs to file a more definite statement or amend their Complaint, Plaintiffs would be able to better tailor or narrow their expansive discovery requests. For instance, one of the chief issues with the Complaint is that Plaintiffs fail to ascribe conduct to individual City Defendants, making it impossible to discern

---

[2] For instance, the requests for production sent to each City Defendant includes the following request, which is in of itself burdensome, but may be obviated if the state law claims are dismissed: "Any and all documents, records, and/or things relating, in part or in whole, including discussing or relating to the dissemination to the news media or others in the public by the City of Philadelphia, or the City of Philadelphia or others of the Defendants here any messages, posts, statements, or communications from any of the Plaintiffs in this case[.]" *See* Exs. A-D ¶ 38.

with specificity which City Defendants are personally responsible for which acts giving rise to the alleged constitutional violations. The bulk on the Complaint lumps defendants together with the phrase "Kenney, Krasner, Ross, and now Outlaw." *See* Compl., ECF No. 1, at ¶¶ 51, 57, 62, 68, 73, 79, 82-83, 91, 93-94, 97, 101, 103-07.

This defect is, in and of itself, is sufficient to dismiss the Plaintiffs' Section 1983 and 1985 claims and their sweeping discovery requests would be moot. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (requiring a Complaint to include "allegations of personal direction or of actual knowledge and acquiescence" that "must be made with appropriate particularity"); *see, e.g.*, *Mutschler v. Tritt*, No. 14-1611, 2016 WL 4394018, at *4-5 (M.D. Pa. July 16, 2015) (where plaintiff failed to allege personal involvement in civil rights claims, "a favorable ruling" on a motion to dismiss "could eliminate or significantly reduce the need for discovery[.]").

However, if this Court were to order Plaintiffs to file a more definite statement, Plaintiffs could correct these kitchen-sink allegations in favor of tailored claims, and in turn, more targeted discovery. Stated another way, if discovery were permitted to go forward without *any* requirement that Plaintiffs provide a more definite statement, it would provide them an opportunity "to conduct a fishing expedition in order to find a cause of action" which is improper. *Levey v. Brownstone Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014); *see also Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, No. 16-cv-0125, 2016 WL 1535084, at *1 (W.D. Pa. Apr. 15, 2016), *aff'd in part, vacated in part on other grounds*, 685 F. App'x 161 (3d Cir. 2017) ("The doors to discovery are not opened upon the filing of a complaint to allow plaintiff to engage in a fishing expedition to discover facts to defend against a motion to dismiss.")

### C. Plaintiffs will not be prejudiced by any temporary delay pending the Court's decision on the Motion to Dismiss.

Lastly, Plaintiffs will not suffer a prejudice from a temporary delay in this case while the Court disposes of the motion in the ordinary course. *See U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2012 WL 11948492, at *1, n. 1 (E.D. Pa. July 11, 2012); *Babalola v. Donegal Mut. Ins. Co.*, No. 1:08-CV-621, 2008 WL 5278393, at *2 (M.D. Pa. Dec. 18, 2008) (delay caused by stay alone is insufficient to show prejudice). Moreover, there is no risk that Plaintiffs will be "put out of court" as a result of any delay or that any delay will affect their ability to collect time sensitive evidence. *See 19th St. Baptish Church v. st. Peters Episcopal Church*, 190 F.R.D. 345, 349-50 (E.D. Pa. 2000); *Pfizer Inc. v. Johnson & Johnson, No.* 17-CV-4180, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018). Should any claims survive, City Defendants will timely provide appropriate responses to the discovery requests, thereby eliminating any prejudice to the plaintiff.

### III. CONCLUSION

For the reasons set forth above, City Defendants respectfully request that this Court grant the instant Motion to Stay Discovery Pending Disposition of Motion to Dismiss.

Date: April 7, 2021                                          Respectfully submitted,

/s/ Brian Rhodes
Brian Rhodes
Senior Attorney
Pa. Attorney ID No. 69716
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
brian.rhodes@phila.gov

/s/ Meghan Byrnes
Meghan Byrnes
Deputy City Solicitor
Pa. Attorney ID No. 321316
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
215.683.5011
meghan.byrnes@phila.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MELVIN<br>DAN FARRELLY<br>BRION MILLIGAN<br>MARK PALMA<br>ROBERT BANNAN<br>JESUS CRUZ, and<br>STEVEN HARTZELL<br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>HON. JAMES F. KENNEY,<br>LARRY KRASNER, ESQ.,<br>HON. DANIELLE OUTLAW,<br>RICHARD ROSS, JR., and<br>EMILY BAKER-WHITE d/b/a THE PLAIN<br>VIEW PROJECT<br>　　　　　　　Defendants. | Civil Action<br>No. 20-3529 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Stay Discovery and Memorandum of Law have been filed electronically and is available for viewing and downloading.

　　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　CITY OF PHILADELPHIA
　　　　　　　　　　　　　　　　　　　　　　LAW DEPARTMENT

Date: April 7, 2021　　　　　　　　　　　BY: s/ Meghan Byrnes
　　　　　　　　　　　　　　　　　　　　　　Meghan Byrnes
　　　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor