# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MELVIN, ET AL.,** | : | Case No.  20-cv-03529-JMY |
| *Plaintiffs* | : | |
| v. | : | |
| **HON. JAMES F. KENNEY, ET AL.,** | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this  22nd  day of April, 2021, upon consideration of Defendants Mayor James F. Kenney, District Attorney Larry Krasner, Police Commissioner Danielle Outlaw, and former Police Commissioner Richard Ross, Jr.'s (hereinafter, "City Defendants") Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Mot.," ECF No. 10), and all submissions made in support of and in opposition to the motion, it is hereby **ORDERED** that said Motion is **GRANTED IN PART** as follows:

(1) Counts I, II, III, and IV, as asserted against the City Defendants are **DISMISSED WITHOUT PREJUDICE**;[1] and

(2) Counts V, VI, VII, VIII, IX, and X, as asserted against the City Defendants are **DISMISSED WITH PREJUDICE**.[2]

It is **FURTHER ORDERED** that both City Defendants' Motion to Stay Discovery Pending Disposition of the Motion to Dismiss (ECF No. 31) and Plaintiffs' Motion for Extension of Time to File a Response (ECF No. 33) are **DENIED**.

Plaintiffs may file an Amended Complaint consistent with this Order and with Fed. R. Civ. P. 11, if desired, on or before **May 7, 2021**.  Plaintiffs shall submit as an exhibit or in PDF

format e-mailed to Chambers_Younge@paed.uscourts.gov a red-lined copy of the Amended

Complaint.

**IT IS SO ORDERED.**

                                                  **BY THE COURT:**

                                      /s/ John Milton Younge
                                      **Judge John Milton Younge**

---

[1] In Plaintiffs' words: "This is a complaint for damages and equitable relief arising out of the targeted, discriminatory and illegal hacking of Caucasian and other non-African-American, non-Muslim City of Philadelphia police officers' computer accounts, twitter accounts, and social media accounts of the Plaintiffs and those other Philadelphia police officers of a Targeted class . . . by Emily Baker-White who does business as Plain View, in concert with the other Defendants as a conspiracy, using the U.S. Mail and wires. This concerted action and conspiracy are motivated by and are the result of racist, ethnic and sex-based animus and prejudice against Plaintiffs [.] These illegal acts are manifested in employment discrimination and other tortious acts that have harmed Plaintiffs . . . by each and every Defendant, jointly and severally, acting in concert." ("Compl.," ECF No. 1 at ¶ 1.) Plaintiffs further assert that "[t]he Defendants, conspiring and acting in concert for political and other improper and illegal purposes with each other, specifically set aim at the Targeted Class of police officers, including Plaintiffs, and had them fired, forced to retire, or constructively terminated, wrongfully and excessively disciplined and caused them to be falsely defamed in their personal, public, and professional reputations." (*Id*. at ¶ 5.) On this basis Plaintiffs assert the following claims: (Count I)—42 U.S.C. § 1983—Deprivation of Civil Rights, Racial Discrimination; (Count II)—42 U.S.C. § 1983—Deprivation of Civil Rights, First Amendment Rights to Free Speech; (Count III)—42 U.S.C. § 1983—Deprivation of Civil Rights: Second Amendment Right to Bear Arms; (Count IV)—42 U.S.C. § 1983—Conspiracy to Deprive Plaintiffs of Civil Rights; (Count V)—Defamation; (Count VI)—Defamation by Implication; (Count VII)—Defamation Per Se; (Count VIII)—Intentional Infliction of Emotional Distress; (Count IX)—Invasion of Privacy, False Light; (Count X)—Invasion of Privacy, Publicity Given to Private Life. (*See id*. at ¶¶ 88-147.)

     City Defendants now move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that: "(1) the federal civil rights claims fail to ascribe actual, specific conduct to the named individual Defendants; (2) the City Defendants are immune from suit; and (3) the claims are woefully and inadequately pled." (Mot. at 2.) To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 1959 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

With respect to the Plaintiffs' federal civil rights claims (Counts I-IV), the City Defendants contend that these claims "should be dismissed because Plaintiffs lump Defendants together and make no effort to allege actual knowledge or participation in the alleged constitutional violations on a defendant-by-defendant basis. Because it is impossible to discern with specificity which City Defendants are responsible for which acts giving rise to the alleged constitutional violations, the City Defendants cannot appropriately respond to them." (Mot. at 8.) Plaintiffs respond that "[t]his argument fails because the Complaint expressly alleges that the [City] Defendants were working together in concert to harm Plaintiffs . . . [and that] [t]here is nothing conclusory about the allegation that Defendants were working together in concert, as the Mayor [], District Attorney [], and Police Commissioners [], can reasonably be expected to be in constant communication and work together closely. Indeed, it would be more unlikely that these [City] Defendants were not working closely together in concert." ("Opp.," ECF No. 18-1 at 5-6.)

Upon review of the Complaint, the Court finds that Plaintiffs have not adequately alleged any facts—more specifically, any specific, non-conclusory actions of any of the City Defendants—that plausibly give rise to a claim for relief. *See Bell Atl. Corp.*, 550 U.S. at 555. Of the 147 paragraphs in the Complaint, nearly all contain either a "formulaic recitation" of the causes of action (which is not enough to satisfy Fed. R. Civ. P. 8(a)(2)) or an unsupported legal conclusion that this Court disregards. Morever, the bulk of the Complaint improperly lumps all City Defendants together with the phrase "Kenney, Krasner, Ross, and now Outlaw[.]" (*See* Compl. ¶¶ 51, 57, 62, 65, 68, 73, 79, 82, 83, 89, 91, 93-94, 97, 101, 104-04, 105-07.) Plaintiffs cannot sustain any of their civil rights claims pursuant to 42 U.S. §§ 1983 or 1985 without averring the existence of each City Defendant's personal involvement in the actions giving rise to the Complaint. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). This requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *Id*. Therefore the Court finds that Plaintiffs cannot state a claim for relief by merely making conclusory allegations of the Defendants acting in concert. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (a plaintiff "must portray specific conduct by state officials which violates some constitutional right"). Moreover, voluminous and generic allegations that are specific to no City Defendant cannot give rise to a claim against any defendant. *See Agresta v. City of Phila.*, 694 F. Supp. 117, 120 (E.D. Pa. 1988) (dismissing claims against multiple defendants because plaintiff did not specifically allege which defendants had taken the actions complained of); *see also Negrich v. Hohn*, 379 F.2d 213, 215 (3d Cir. 1967) (upholding dismissal of § 1983 complaint where charges were "made against the defendants generally and not against any particular defendant"). Accordingly, Plaintiffs' federal civil rights claims (Count I-IV) are dismissed *without prejudice*.

[2] With respect to the Plaintiffs' state law claims (Counts V-X), and in addition to the pleading defects outlined *supra*, the Court considers each named City Defendant a "high public official," and on this basis finds that each are entitled to absolute immunity from suit under Pennsylvania common law. *See Otto v. Williams*, Civil No. 15-3217, 2016 WL 3136923, at *4 (E.D. Pa. June 6, 2016) (finding that the Philadelphia District Attorney, Mayor, and Police Commissioner were all high public officials entitled to immunity), *aff'd* 704 F. App'x 50 (3d Cir. 2017). High public officials are exempt from "all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers." *Smith v. Borough of Dunmore*, 633 F.3d 176, 181 (3d Cir. 2011) (quoting *Lindner v. Mollan*, 677 A.2d 1194, 1195 (Pa. 1996)); *see also Heller v. Fulare*, 454 F.3d 174, 177 (3d Cir. 2006). This doctrine of absolute immunity for high public officials has been expanded beyond defamation to exempt officials from liability arising from claims of retaliatory discharge, loss of consortium, invasion of privacy, and intentional infliction of emotional distress. *See Kobrick v. Stevens*, Civil No. 13-2865, 2014 WL 4914186, at *14 (M.D. Pa. Sept. 30, 2014). With respect to whether the City Defendants were acting

with the scope of their official duties, the Court finds that Plaintiffs have failed to assert any actions that would fall outside this scope. Another review of the Complaint reveals that instead the City Defendants' actions included terminating Plaintiffs, speaking to the press on behalf of the Police Department, and responding to information requests—all actions that fall within the scope of their official duties. (*See* Compl. ¶¶ 5, 50, 53, 55-56, 68, 71, 73); *see Smith*, 633 F.3d at 181-82 (an action is taken in the course of the official's duties or powers where the action is "closely related" to the official's duties); *see also Feldman v. Hoffman*, 107 A.3d 821, 829 (Pa. Commw. Ct. 2014) (actions fell within scope of official's duties where allegations were "directly related to decisions he made while acting in his official capacity as a high public official"). Accordingly, Plaintiffs' state law claims (Counts V-X) are dismissed *with prejudice*.